**Kathleen A. POTTER,**
Plaintiff–Appellant,

v.

**SECRETARY OF HEALTH & HUMAN SERVICES, Defendant–Appellee.**

No. 89–2113.

United States Court of Appeals,
Tenth Circuit.

May 4, 1990.

---

Gary J. Martone, Albuquerque, N.M., for plaintiff-appellant.

William L. Lutz, U.S. Atty., Ronald F. Ross, Asst. U.S. Atty., Gayla Fuller, Chief Counsel, Region VI, John M. Gough, Principal Regional Counsel, Social Sec. Disability Litigation Branch, Joseph B. Liken, Asst. Regional Counsel, Office of the Gen. Counsel, U.S. Dept. of H.H.S., Dallas, Tex., for defendant-appellee.

Before LOGAN, JONES,[*] and SEYMOUR, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant-appellant Kathleen A. Potter appeals from an order of the district court affirming the Secretary of Health & Human Service's decision denying her application for disability benefits under Title II of the Social Security Act.[1] We affirm.

Potter submitted an application for benefits on May 20, 1985, alleging she had been disabled since October 15, 1980, as a result of symptoms associated with multiple sclerosis (MS). Based on her work history, she has met the earnings requirements of the Act[2] only through December 31, 1981. Therefore, in order to receive benefits, she must show she was disabled prior to that date.

Potter's application was denied at all levels of the administrative process. She requested and received a hearing before an Administrative Law Judge who ruled she was not disabled prior to the expiration of her insured status under 42 U.S.C. § 423(d)(1)(A) (1962), and who subsequently denied her application for benefits. This denial was adopted as the final decision of the Secretary and was upheld by the dis-

---

[*] Honorable Nathaniel R. Jones, Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

1. 42 U.S.C. §§ 406-33 (1982).

2. *See* 20 C.F.R. § 404.130 (1986).

trict court. On appeal, Potter asserts that the Secretary's decision (1) was not supported by substantial evidence, and (2) is invalid because the A.L.J. applied incorrect legal standards to her claim. We disagree.

■ The claimant is currently thirty-eight years old and has a high school diploma in addition to two years of college and one year of medical assistant training. Her relevant job history includes working as a lab technician, bookkeeper, and bakery clerk. She has not been employed since 1977, when she left her bookkeeping/lab technician job to care for her two children full time. Although Potter asserts that symptoms of MS rendered her disabled in 1980, the disease was not officially diagnosed until 1985.

At the administrative hearing, Potter testified that in October of 1980 she began to experience painful numbness and tingling in her hands and feet. She also had trouble sleeping and had difficulty dressing herself. She testified that she had to give up needlepoint and was dropping things and occasionally falling. At the request of her physician Dr. Palazola, she was examined by Dr. Bettinger, a neurologist, in May 1981. The doctor reported:

> On exam today, aside from the very slender build, *the only positive finding was some definite and sustained fine nystagmus of both eyes, on gaze in all directions,* but particularly on horizontal gaze. I think this clearly is associated with a subjective feeling of impaired balance. . . .
>
> That she has a neurological dysfunction, possibly of a demyelinating type, is quite definite.

Rec., vol. II, at 134 (emphasis added). Dr. Palazola, who conducted extensive testing, later described Potter's problems as "intermittent episodes of numbness and tingling in her fingers and feet." *Id.* at 112. These two reports constitute the only clinical findings submitted in the record for the period from October 1980 through December 1981.

In 1983, Potter underwent a hysterectomy. At that time, doctors found her strength was equal in both extremities.

Apart from the pain necessitating the surgery, no other problems were noted in the preoperative report. Potter asserts that the symptoms she experienced in 1980–81 stem from the later-diagnosed MS and therefore qualify her as a disabled person.

■ Substantial evidence is defined as "sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir.1988). In reviewing the Secretary's findings, we consider the entire record. *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir.1988). Potter asserts that three physicians' retrospective diagnoses of MS constitute substantial evidence of disability. In support, she relies on the reports of Drs. Rosenberg, Palazola, and Kunkel. Each of these physicians related the symptoms experienced in 1980–81 to MS.

Following Potter's application for benefits, Dr. Palazola submitted a supplemental report at the request of counsel stating, "[i]t is certainly conceivable from reviewing Mrs. Kathleen Potter's medical records, that some of her symptoms could, indeed, have been consistent with multiple sclerosis as far back as 1980." Rec., vol. II, at 139. Likewise, Dr. Rosenberg, who saw Potter once in November 1985, concluded, "[i]t was my impression that she had multiple sclerosis which probably began at age 30." *Id.* at 141. Finally, Dr. Kunkel, Potter's current treating physician, identified the numbness and tingling from 1980–81 as relating to the later diagnosis of MS. *Id.* at 135. While there is no doubt Potter is disabled today, these comments, without more, do not support a finding that she was continuously disabled for twelve months in 1980–81.

■ None of these reports identify a *disability* as of 1981. Rather, they retrospectively diagnose the disease. It is true that a treating physician may provide a retrospective diagnosis of a claimant's condition. *Millner v. Schweiker,* 725 F.2d 243, 246 (4th Cir.1984); *Dousewicz v. Harris,* 646 F.2d 771, 774 (2d Cir.1981). However, the relevant analysis is whether the claimant

was actually *disabled* prior to the expiration of her insured status. *Cf. Swanson v. Secretary of Health & Human Servs.*, 763 F.2d 1061, 1065 (9th Cir.1985). A retrospective diagnosis without evidence of actual disability is insufficient. This is especially true where the disease is progressive. Here, the medical reports from 1980–81 do not suggest the claimant was disabled.

There is substantial evidence in this record to support the Secretary's determination that Potter was not disabled prior to the end of 1981. The testimony Potter gave during the administrative hearing as to symptoms she experienced in 1980 is simply not corroborated by either the medical evidence or her own statements in her application for benefits. As late as May 1985, when she applied for benefits, Potter listed knitting as an activity. Rec., vol. II, at 67. She was also doing light cleaning, grocery shopping, and family laundry at that time. *Id.* This was more than three years after she alleges she became disabled and contradicts statements she made at the hearing. Dr. Kunkel stated in his May 1985 report that she did not begin having vision problems until late 1984. *Id.* at 104. Further, with the exception of a few weeks when her mother helped out, Potter had full-time responsibility for household and parenting duties between October 1980 and December 31, 1981. There are no medical reports in the record alleging any problems between May 1981 and late 1984. Moreover, the claimant readily admits she did not leave employment as a result of any health-related impairment, and no physician has stated it was necessary to do so. *See Gayton v. Secretary of Health & Human Servs.*, 691 F.Supp. 22, 24 (N.D.Ohio 1988) (in denying benefits, it is significant that no treating physician said plaintiff was disabled during relevant period). All of these factors support the Secretary's conclusion that Potter was not disabled during the relevant time period.

We now turn to Potter's second argument asserting the failure to apply proper legal standards. The Secretary correctly relied on the five-step procedure outlined in the regulations accompanying the Social Security Act to determine that prior to December 31, 1981, Potter could have returned to work as a bookkeeper as the position is described in the *Dictionary of Occupational Titles*, Part B, Codes 210.-382–014 through –026.[3] He concluded that Potter could perform sedentary work and therefore was not disabled prior to the expiration of her insured status. At this stage, the burden of proof was on the claimant to show she could not return to her past work. *Williams*, 844 F.2d at 751. Based on the record, we agree with the Secretary that Potter failed to sustain her burden. Therefore, we uphold the Secretary's decision as affirmed by the lower court.

The decision of the United States District Court for the District of New Mexico is AFFIRMED.

---

3. *See* 20 C.F.R. § 404.1520 (recognizing administrative notice of this job data); *see also Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir.1989) (outlining five-step procedure).