5 F.3d 545
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mildred DAVIS, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health & Human Services,
Defendant-Appellee.
 No. 92-7149.
 United States Court of Appeals, Tenth Circuit.
 Aug. 26, 1993.
 ORDER AND JUDGMENT[1]
 
 1
 Before BALDOCK and KELLY, Circuit Judges, and CAUTHRON,** District Judge.[2]
 
 
 2
 Plaintiff appeals from a district court order affirming the Secretary's decision to deny social security benefits because plaintiff's disability did not arise until July 10, 1984, after her insured status lapsed on January 1, 1984. See 42 U.S.C. 423(a)(1)(A). Plaintiff disputes only the onset determination; she does not challenge the expiration of her insured status. We review the Secretary's decision on the whole record "to determine whether the findings are supported by substantial evidence and whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991); see, e.g., Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1348-49 (10th Cir.1990)(review of onset determination).
 
 
 3
 The pertinent facts are recounted in detail in the ALJ's two decisions, so we only summarize here. Plaintiff suffered a back injury in March 1983, which resulted in several emergency room visits and a number of days off from her cleaning duties before she returned to work as directed by her physician. See App. II at 148-62. In September 1983, plaintiff saw Dr. Benner for persistent pain. Id. at 170-71. After x-rays were taken, he found some indication of spondylolysis and a slight decrease in intervertebral space at L4-5, but no evidence of significant nerve root compression. Id. at 172. He diagnosed a myofascial strain of the lumbar region with chronic lumbosacral pain, and recommended continuation of conservative treatment. Id. at 171, 172. A few weeks later, on the day she ceased working, plaintiff received an ineffective epidural steroid injection. Id. at 166, 179. In November 1983, she saw Dr. Lockhart, who noted a 25% limitation of lumbar movement in all directions, diagnosed lumbar and cervical myofascitis, and suggested lumbar and cervical myelograms. Id. at 181, 183-84. On December 15-16, 1983, after the tests, Dr. Lockhart diagnosed lumbar spondylolisthesis at L5-S1, chronic lumbar myofascitis, and a ruptured disc at C6-7 compressing the right nerve root sleeve. Id. at 179-80, 182; see also id. at 205. He planned to discuss the situation with plaintiff after the first of the year. Id. at 182.
 
 
 4
 When plaintiff saw Dr. Lockhart in March 1984, she complained of pain, but declined surgical intervention on the herniated disc. Id. at 200. Finally, however, on July 10, 1984, she underwent a diskectomy and anterior fusion at C6-7. Id. at 175-77. Problems developed after this procedure and, in November 1985, a posterior fusion of C6-7 was performed. See id. at 211-13, 215-22. As the ALJ noted, her overall condition has worsened since the surgeries. Id. at 40-41; see id. at 264-66 (1990 report of Dr. Pentecost).
 
 
 5
 In his initial decision, the administrative law judge (ALJ) considered plaintiff insured under the Act as late as 1985, the last of three disability dates she had suggested. See id. at 42. Employing the Secretary's five-step evaluative sequence, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988), the ALJ found plaintiff disabled on July 10, 1984, the date of her first surgery. App. II at 43. He concluded at step five that the post-surgical condition of her neck, spondylolisthesis and chronic sprain of her lumbosacral spine, and increasingly severe chronic pain syndrome precluded substantial work-related activity, and awarded disability benefits accordingly. Id. at 40-41, 43. He also specifically found, however, that prior to the surgery, plaintiff retained the residual functional capacity for medium and light work, including past relevant work, and therefore was not disabled (at step four) on the earlier dates she had alleged. Id. at 41, 43. The Appeals Council subsequently determined that plaintiff was actually last insured on December 31, 1983, and remanded to give plaintiff another opportunity to present evidence of onset on or before that date. Id. at 27-28. After a second hearing, the ALJ reconfirmed his earlier decision, this time denying disability benefits in light of the Appeals Council's determination regarding eligibility. See id. at 20-21.
 
 
 6
 Plaintiff bore the burden of establishing she could not do her past relevant work prior to expiration of her insured status. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989); see Flint v. Sullivan, 951 F.2d 264, 267 (10th Cir.1991). "Factors relevant to the determination of disability onset include the individual's allegation, the work history, and the medical evidence ... [, though] the individual's allegation or the date of work stoppage is significant in determining onset only if it is consistent with the severity of the condition(s) shown by the medical evidence." Soc. Sec. Rul. 83-20, Social Security Administration Rulings 1983-91, at 49 (1992). The ALJ must state a convincing rationale for the onset date selected, see id. at 52; Ivy v. Sullivan, 898 F.2d 1045, 1048 (5th Cir.1990), but his reasons need be supported only by the usual "substantial evidence" and need not refute other potentially reasonable dates. Magallanes, 881 F.2d at 750; Blankenship v. Bowen, 874 F.2d 1116, 1121 (6th Cir.1989); Pugh v. Bowen, 870 F.2d 1271, 1278-79 (7th Cir.1989).
 
 
 7
 We have reviewed the materials submitted by the parties with these principles in mind. The evidence, though it identifies plaintiff's developing back and neck conditions as of December 1983, does not satisfy her burden of demonstrating the requisite disability at that time.[3] Cf. Potter, 905 F.2d at 1348-49. Furthermore, while plaintiff left her last job in October 1983, she does not dispute that this coincided with her move to Park Hill, Oklahoma, from which she admits it was too far to commute. See Appellant's Brief at 18; see also App. II at 18 (ALJ noting record indicated plaintiff quit working when she moved beyond commuting range to Park Hill). Substantial evidence supports the ALJ's determination that plaintiff's disability arose following her first, unsuccessful cervical fusion in July 1984. Upon consideration of plaintiff's appellate arguments, we find no reversible error in the Secretary's denial of disability benefits.
 
 
 8
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 **
 Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 This same distinction undermines plaintiff's argument that the ALJ improperly disregarded the favorable opinions of Dr. Pentecost, one of her treating physicians. Dr. Pentecost found plaintiff disabled in January 1990 based largely on her now-fused cervical spine and a number of other physical and mental factors emerging after her surgeries; he spoke of 1983 only to note the inception of her original condition and to relate her stated work history. See App. II at 264-65