13 F.3d 404
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Harrison L. BURRALL, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-2118.
 United States Court of Appeals, Tenth Circuit.
 Dec. 21, 1993.
 
 1
 Before MOORE and BRORBY, Circuit Judges, and VRATIL,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Claimant Harrison L. Burrall appeals the district court's order of April 6, 1993, affirming the decision of the Secretary of Health and Human Services denying claimant's applications for social security benefits. The Secretary concluded that claimant was not disabled because he could return to his past relevant work.
 
 
 4
 Claimant applied for supplemental security insurance (SSI) benefits on May 23, 1989, alleging disability due to a lower back injury. Claimant also filed an application for disability insurance benefits on June 6, 1989, alleging he had been disabled since January 19, 1989. Claimant subsequently amended his onset date to January 1, 1979. Claimant met the special earnings requirements for disability insurance benefits through June 30, 1981. Therefore, to receive disability insurance benefits, claimant had to establish that he became disabled sometime between January 1, 1979, and June 30, 1981. See Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1347 (10th Cir.1990). Although claimant did not have to establish an onset date between 1979 and 1981 to receive SSI benefits, those benefits were available only after the date of his application for SSI benefits. See 20 C.F.R. 416.305, 416.501.
 
 
 5
 Claimant's applications were denied initially and on reconsideration. An administrative law judge (ALJ) conducted a de novo hearing on March 7, 1990, at which claimant was represented by counsel. The ALJ determined that claimant's impairment did not preclude him from engaging in light or sedentary work and, therefore, he could return to his past relevant work. The ALJ's decision became the final decision of the Secretary after the Appeals Council denied review. The district court affirmed the Secretary's decision, and this appeal followed.
 
 
 6
 We may reverse the Secretary's decision only if it is not supported by substantial evidence or if she failed to apply the correct legal standards. Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). In determining whether the Secretary's decision is supported by substantial evidence, we may not reweigh the evidence or substitute our discretion for that of the Secretary. Brown v. Bowen, 801 F.2d 361, 362 (10th Cir.1986).
 
 
 7
 The only issue claimant raises on appeal is whether the Secretary "failed to consider fully and properly the pain suffered by Mr. Burrall." Appellant's Br. at 5. We set forth the framework for evaluating claims of disabling pain in Luna v. Bowen, 834 F.2d 161, 163 (10th Cir.1987). Claimant appears to take issue with the ALJ's evaluation at the last step of the Luna analysis, at which the ALJ must consider all the relevant objective and subjective evidence and "decide whether he believes the claimant's assertions of severe pain," id.
 
 
 8
 In accordance with the decisions of this court, e.g., Hargis v. Sullivan, 945 F.2d 1482, 1489 (10th Cir.1991); Luna, 834 F.2d at 165-66, the ALJ considered "claimant's daily activities, prior work record, precipitating and aggravating factors, the effectiveness of medication and therapy, functional restrictions, observations by third parties, the duration, frequency, and intensity of claimant's subjective allegations, psychological manifestations, the extent of contact with physicians, and attempts by claimant to receive treatment" in evaluating claimant's allegations of disabling pain, App. to Appellant's Br. at 37.
 
 
 9
 The ALJ reasoned that "[i]f claimant were in the constant and disabling painful condition he alleges, it is reasonable to assume he would exhaust every means possible to obtain relief of that pain." Id. at 38. The ALJ concluded, however, that the record did not support claimant's allegations. The ALJ noted that claimant did not seek any medical treatment for long periods of time and did not pursue treatment that proved successful in reducing pain. The treatment claimant did receive was minimal and conservative. Furthermore, claimant did not follow all recommended courses for alleviating pain, such as sleeping in a shelter rather than in his car. In addition, claimant's treating physicians did not place any functional restrictions on claimant that would prevent him from doing light work activity for a year.
 
 
 10
 Based upon our review of the entire administrative record,[2] we conclude that the Secretary applied the correct legal standards in evaluating claimant's allegations of disabling pain and that the Secretary's decision is supported by substantial evidence in the record.
 
 
 11
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 **
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Counsel for claimant, whom we have repeatedly ordered to file a complete record when challenging the sufficiency of the evidence to support the Secretary's decision, filed an appendix containing an incomplete copy of the record in this case. See App. to Appellant's Br. Months later, counsel attempted to supplement the appendix by filing a copy of the entire administrative and district court records; counsel, however, failed to comply with our rules regarding the filing of appendices and supplements. Nonetheless, we have reviewed the entire administrative record contained in the supplement