37 F.3d 1509
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Elizabeth HAGGARD, Plaintiff-Appellant,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-6399.
 United States Court of Appeals, Tenth Circuit.
 Oct. 19, 1994.
 
 1
 Before TACHA, BRORBY, Circuit Judges, and KANE,** Senior District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Elizabeth Haggard appeals from an order of the district court[2] affirming the Secretary's decision denying her application for Social Security disability benefits. We affirm. Plaintiff applied for benefits alleging disability as of October 1989. Plaintiff claimed she was disabled due to mental problems, migraine headaches, low frustration tolerance, anxiety, and other physical problems. The administrative law judge (ALJ) denied benefits at step four, see Williams v. Bowen, 844 F.2d 748, 751 (10th Cir.1988), holding that plaintiff could perform her past relevant work as a maid.
 
 
 4
 On appeal, plaintiff argues the ALJ improperly evaluated her credibility, she cannot perform her past relevant work, and the ALJ should have proceeded to step five where she would be found disabled under the grids.
 
 
 5
 We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We do not reweigh the evidence. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir.1992).
 
 
 6
 Medical records submitted by plaintiff show that while she has received intermittent psychological treatment since 1979, her depression has never been considered disabling by mental health professionals. See Rec. at 193 (1990 mental status exam concluding that plaintiff's prognosis was fair with medication); 231-32 (1989 clinical notes relating that while plaintiff initially felt " 'real depressed' and anxious at times" her depression improved); 253 (1990 clinical notes relating that plaintiff complained of anxiety and depression); 281 (1991 clinical notes relating that while plaintiff complained of being depressed, nervous, and anxious, her symptoms were worse during the Christmas holidays); 301 (1991 psychological note showing that while plaintiff's "depression was significant, it does not appear to represent any acute distress at this time[;] ... Ms. Haggard would appear to be a good candidate for psychological intervention....").
 
 
 7
 The record does not show that plaintiff has received any treatment for physical problems since the date she alleges her disability began. Plaintiff did have an MRI of her brain in 1991. The MRI showed "multiple small focal high signal intensities ... lesions scattered throughout the white matter bilaterally [which] ... most likely represent white matter infarcts." Id. at 296. The significance of these infarcts and their impact on plaintiff's physical and or mental abilities is not explained.
 
 
 8
 Plaintiff testified as to her inability to work due to stress and inability to cope with job responsibilities. She testified she gets migraines and gets highly agitated and frustrated at times with the result that she loses her temper. While plaintiff may very well get migraines and find work frustrating, no medical evidence supports plaintiff's claim that these problems are disabling. See, e.g., Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1349 (10th Cir.1990)(no medical evidence corroborated claimant's testimony that she was unable to work); Bernal v. Bowen, 851 F.2d 297, 301 (10th Cir.1988)(diagnosis of major depression does not automatically establish disability).
 
 
 9
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The parties agreed to have this case heard pursuant to 28 U.S.C. 636(c). Therefore, the appeal is properly taken from the magistrate judge's order. We refer to this order as being issued by the district court