46 F.3d 1135
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Jamie BRANTLEY, Appellant,
v.
Donna E. SHALALA, Secretary, Department of Health & Human
Services, Appellee.
 No. 94-2329.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 28, 1994.
Filed: Jan. 23, 1995.
 
 Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jamie Brantley appeals from the final order entered in the District Court[1] for the Western District of Arkansas, affirming the decision of the Secretary of Health and Human Services to deny Brantley's application for disability insurance benefits. For the reasons discussed below, we affirm.
 
 
 2
 On January 31, 1991, Brantley applied for disability insurance benefits, alleging she became disabled on January 2, 1974, as a result of acromegaly.[2] Brantley's insured status expired on September 30, 1975. Her application was denied initially and on reconsideration. At Brantley's request, an Administrative Law Judge (ALJ) conducted a hearing, at which Brantley was represented by counsel.
 
 
 3
 At the September 1991 hearing, Brantley testified that she was born July 9, 1933, completed the twelfth grade and one semester of business school, and worked as a secretary off and on until 1969. In the late 1960s, she began to notice swelling in her hands and eyelids, and increased sweating. Between 1970 and 1980, she gained sixty pounds, had swelling in her hands and feet, and had facial changes. Brantley testified that she was depressed and fatigued, had headaches occasionally, had trouble remembering, had difficulty writing, and had thickened leathery skin. She was finally diagnosed with acromegaly in 1981, and had surgery to remove an enlarged tumor in her pituitary gland. After her 1981 surgery, her condition improved a little. Brantley's husband, daughter, and friend confirmed her testimony.
 
 
 4
 The medical evidence submitted in the record included several statements from doctors, written after 1990, stating that Brantley was diagnosed with acromegaly in July 1981 and estimating that she displayed symptoms in the early 1970s. Brantley's treating internist had noted in 1981 that family members noticed the first facial signs of acromegaly in 1976.
 
 
 5
 The ALJ concluded that the record lacked any medical evidence through the 1970s, and that the absence of medical evidence was inconsistent with Brantley's allegations of swelling, fatigue, and breathing difficulties before 1975. The ALJ concluded that, even if Brantley had acromegaly symptoms before 1976, the symptoms were not then disabling. The ALJ concluded the lack of objective medical evidence revealed that Brantley retained the residual functional capacity in 1975 to perform her past relevant work.
 
 
 6
 The ALJ evaluated Brantley's subjective complaints under Polaski v. Heckler, 751 F.2d 943 (8th Cir. 1984) (subsequent history omitted), and concluded there was nothing to suggest that acromegaly in its earliest stages prohibited normal daily living or resulted in severe pain; Brantley was not taking pain medication before 1975; and she was not being treated for her problems with breathing, fatigue, swelling, depression, and the residuals of a ruptured appendix. The ALJ noted that the testimony concerning disability was sixteen years old and was not credible. Thus, the ALJ concluded that Brantley was not disabled on or before September 1975.
 
 
 7
 The Appeals Council denied further review, and Brantley sought judicial review. The district court concluded there was substantial evidence on the record to support the Secretary's decision that Brantley was not disabled in September 1975.
 
 
 8
 Brantley bears the burden of showing that in 1975 she could not perform her past relevant work. See Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986) (per curiam). To qualify for disability insurance benefits, Brantley must establish that she was disabled before September 30, 1975, the date her insured status expired. See Battles v. Sullivan, 902 F.2d 657, 659 (8th Cir. 1990). " '[T]he relevant analysis is whether the claimant was actually disabled prior to the expiration of her insured status.' " Hinchey v. Shalala, 29 F.3d 428, 431 (8th Cir. 1994) (quoting Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1348-49 (10th Cir. 1990) (per curiam) (Potter )).
 
 
 9
 Although several doctors speculated that Brantley displayed symptoms of acromegaly in the early 1970s, the ALJ's determination that Brantley could return to her past relevant work is supported by substantial evidence in the record, because there was no medical evidence to support her disabling condition in 1975. See Potter, 905 F.2d at 1348. "A retrospective diagnosis without evidence of actual disability is insufficient." Id. at 1349. Further, "[t]he opinion of a treating physician is entitled to great weight 'unless it is unsupported by medically acceptable clinical or diagnostic data.' " Ghant v. Bowen, 930 F.2d 633, 639 (8th Cir. 1991) (quoting Kirby v. Sullivan, 923 F.2d 1323, 1328 (8th Cir. 1991)).
 
 
 10
 The credible evidence does not suggest that Brantley was unable to perform the exertional requirements of her past relevant work in 1975, and the ALJ properly discounted her subjective complaints of pain and fatigue in light of the lack of medical treatment and medication, the vagueness and source of the testimony, the length of time which has passed since 1975, and the lack of disabling effects of acromegaly in the early stages. Thus, we conclude the Secretary's decision is supported by substantial evidence.
 
 
 11
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas, adopting the report and recommendations of the Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas
 
 
 [2]
 Acromegaly is "a disorder marked by progressive enlargement of the head and face, hands and feet, and thorax, due to excessive secretion of growth hormone by the anterior lobe of the pituitary gland." Stedman's Medical Dictionary 17 (4th ed. 1976). Internal organs may be affected, joint symptoms are common, and crippling arthritis may occur. The Merck Manual 1064-65 (16th ed. 1992)