64 F.3d 670
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Daisy E. PAULEY, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-5001.
 United States Court of Appeals, Tenth Circuit.
 Aug. 16, 1995.
 
 Before TACHA, LOGAN, and BRISCOE, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Daisy E. Pauley appeals the order of the district court affirming the Secretary's denial of her application for supplemental security income benefits. Our review confirms the Secretary's decision to be supported by substantial evidence, and we affirm.
 
 
 3
 Plaintiff alleges disability because of hearing and vision loss; arm, wrist, and foot pain; and obesity. The administrative law judge (ALJ) found at step four of the standard five-step evaluation process that plaintiff could return to her past relevant work as a kitchen worker or, alternatively, at step five, that, even if she were unable to perform her past relevant work, there were other jobs existing in significant numbers in the national economy which plaintiff could perform.
 
 
 4
 We review the record to determine whether the Secretary's decision is supported by substantial evidence and whether correct legal principles were applied. Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991). We may neither reweigh the evidence nor substitute our decision for that of the Secretary. Id.
 
 
 5
 On appeal, plaintiff argues: (1) that the ALJ's decision is not supported by substantial evidence, (2) that plaintiff's past work as a kitchen worker was not substantial gainful activity, and (3) that the ALJ erred in deciding this case at step four. Because the ALJ's alternate step-five holding finding plaintiff able to do other jobs in the national economy despite her impairments is supported by substantial evidence, we do not address plaintiff's last two arguments.
 
 
 6
 Plaintiff has the burden of proving her disability, and her disability must be the result of a medically determinable physical or mental impairment. Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir.1988); see also Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1349 (10th Cir.1990)(medical evidence must corroborate claimant's testimony that she was unable to work). There is no medical evidence in this record, however, to establish that either plaintiff's hearing loss or her vision problems preclude all substantial gainful activity. While plaintiff's hearing is clearly impaired, see R. Vol. II at 243, she wears hearing aids which "benefit[ her] very well," id. at 241. Further, the consultative physician who examined plaintiff stated that she was able to understand normal conversational tones, and the ALJ noted that "she seemed to converse in a normal manner," id. at 15. Plaintiff's vision problems do not prevent her from driving a car or playing cards. There is no medical evidence that plaintiff's obesity has interfered in any functional way with her ability to work.
 
 
 7
 There is also substantial evidence to conclude that plaintiff's pain does not constitute a disabling impairment. As the ALJ noted, "[t]he claimant has not visited a doctor more than once a year for some time, despite the fact that she alleges she is totally disabled and has constant pain." Id. at 15. In addition to good grip strength and upper extremity strength and coordination, plaintiff has no joint tenderness, no swelling, and no redness to substantiate her allegations of disabling pain. Id. at 274-75. She was able to move about during the medical examination without difficulty and her extremities were structurally normal. Id. at 274.
 
 
 8
 The ALJ posed the following question to the vocational expert:
 
 
 9
 Let's assume that we have a female individual, who is 52 years of age and has an eighth grade education, with the ability to read and write and use numbers, and has the ability, physical capacity, to perform sedentary or light work, with the following physical limitations. She's hard of hearing and can't pick-up normal conversation, without being able to read lips. She can hear noises, conversation, if they're louder. She has poor vision in right eye. The left eye we'll correct--is to 20/40. The left eye is not correctable to--well, even with glasses to 20/200. She's taking medication, at the present time, but the medication doesn't seem to interfere with her functioning at the sedentary or light level. The medication, also, would be noted is for symptomatology, including chronic pain, and suspect the beginning of arthritis....[C]an you give me other jobs, with those restrictions, that you might identify that would be available in sufficient numbers in the regional economy that they could be considered for SGA, substantial gainful work activity?
 
 
 10
 Id. at 110-11. The ALJ's hypothetical properly included all impairments which have support in the record. To this hypothetical, the vocational expert offered several different jobs which would be suitable for plaintiff. The vocational expert's answer that plaintiff could still perform a substantial number of jobs in the national economy is thus substantial evidence to support the ALJ's conclusion of no disability. See Gay v. Sullivan, 986 F.2d 1336, 1340-41 (10th Cir.1993).
 
 
 11
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470