67 F.3d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 George W. POSEY, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 94-7170.
 United States Court of Appeals, Tenth Circuit.
 Sept. 22, 1995.
 
 ORDER AND JUDGMENT[2]
 Before BALDOCK, HOLLOWAY, and BRORBY, Circuit Judges.[3]
 
 
 1
 George W. Posey appeals the order of the district court affirming the Secretary's denial of his application for disability insurance benefits and supplemental security income benefits. Our review confirms the Secretary's decision to be supported by substantial evidence, and we affirm.
 
 
 2
 Mr. Posey alleges disability because of lower back and leg pain and breathing problems. Because the administrative law judge (ALJ) found that Mr. Posey could not perform his past relevant work as a road repairman, he proceeded to step five of the standard five-step evaluation process. Relying on the opinion of a vocational expert that Mr. Posey could do the light work of a heavy equipment operator and that these jobs existed in significant numbers, the ALJ found Mr. Posey to be not disabled.
 
 
 3
 On appeal, Mr. Posey argues that: (1) the ALJ's decision is not supported by substantial evidence; (2) additional back x-rays should have been obtained; (3) the ALJ improperly relied on the grids and failed to perform the pain analysis mandated by Luna v. Bowen, 834 F.2d 161 (10th Cir.1987); (4) the hypothetical asked of the vocational expert was inaccurate and incomplete; and (5) the ALJ failed to apply pertinent regulations.
 
 
 4
 We review the record to determine whether the Secretary's findings are supported by substantial evidence and whether correct legal principles were applied. Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991). We may neither reweigh the evidence nor substitute our decision for that of the Secretary. Id.
 
 
 5
 Mr. Posey has the burden of proving his disability which must be the result of a medically determinable physical or mental impairment. See Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir.1988); see also Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1349 (10th Cir.1990)(medical evidence must corroborate claimant's testimony that she was unable to work). Based upon this record, there is no medical evidence to establish that Mr. Posey's physical impairments preclude all substantial gainful activity. The medical tests done on Mr. Posey's back and pulmonary system reveal slight degenerative changes but are essentially unremarkable. See II R. 117, 233. Mr. Posey's allegations of inconsistent subjective restrictions cannot outweigh the normal objective medical evidence of record. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir.1990).[4]
 
 
 6
 Mr. Posey implies error relating to the ALJ's reliance on the grids. The ALJ, however, clearly did not rely exclusively on the grids in making his determination. He properly considered all the evidence, applied the relevant factors from Luna, 834 F.2d at 165-66, and resorted to the testimony of a vocational expert to establish the existence of a significant number of jobs in the national economy appropriate for Mr. Posey. See Trimiar v. Sullivan, 966 F.2d 1326, 1332-33 (10th Cir.1992)(discussing proper use of grids).
 
 
 7
 Mr. Posey next argues that the hypothetical asked of the vocational expert was inaccurate and incomplete. Initially, we note that, contrary to Mr. Posey's position, it is the ALJ, not the vocational expert, who determines a claimant's residual functional capacity. See Williams v. Bowen, 844 F.2d 748, 751-52 (10th Cir.1988)(explaining the role of the decision maker in arriving at a residual functional capacity determination). Furthermore, our review of the record convinces us that the hypothetical presented to the vocational expert properly accounted for all of Mr. Posey's impairments. The ALJ's conclusion that there are a significant number of jobs available which Mr. Posey could perform, based on the vocational expert's identification of 57,000 jobs nationally, see II R. 50, is supported by substantial evidence. See Kelley v. Chater, 62 F.3d 335, 338, (10th Cir.1995)(citing Trimiar, 966 F.2d at 1330-32).
 
 
 8
 Finally, we note that the regulations cited by Mr. Posey do not apply to the facts of his case. The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [3]
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [4]
 Further, it was unnecessary for the ALJ to order additional back x-rays, as the x-rays reviewed by the consultative physician were sufficiently current, and there was no indication that additional x-rays would reveal any significant changes