UNITED STATES COURT OF APPEALS

**Filed 9/3/96**

FOR THE TENTH CIRCUIT

EARL L. ROSE, SR.,

       Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,[*]

       Defendant-Appellee.

No. 95-7137
(D.C. No. CV-94-565)
(E.D. Okla.)

ORDER AND JUDGMENT[**]

Before PORFILIO, BRIGHT,[***] and KELLY, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. In the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]   Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Earl L. Rose, Sr. appeals from an order of the district court affirming the final decision of the Secretary of Health and Human Services denying his applications for social security disability and supplemental security income benefits. Claimant contends he has been disabled since 1989 due to back and heart problems. After the Appeals Council granted claimant's request for review of the administrative law judge's (ALJ) first decision denying benefits, the ALJ again denied benefits at step five of the five-step sequential process for determining disability. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(discussing five-step process). The ALJ determined that, while claimant could not return to his past medium work, he retained the residual functional capacity to perform light work and could perform a significant number of jobs in the national economy. The ALJ therefore concluded that claimant was not disabled. The Appeals Council affirmed this second decision by the ALJ, making it the final decision of the Secretary.

We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We review the Secretary's decision to determine whether it is supported by substantial

evidence and whether the correct legal standards were applied. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). Substantial evidence is adequate relevant evidence that a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). Claimant raises a number of issues on appeal, but we only need to address one--whether the ALJ erred in rejecting the opinions of claimant's treating physicians regarding claimant's heart problems.

In September 1991, claimant's physician, Dr. Carter, diagnosed him as having angina pectoris. From September 1991 through April 1993, claimant was hospitalized four times because of his angina. On a number of other occasions during this period, claimant complained to Dr. Carter of chest pains. In October 1991, Dr. Carter concluded that the results of cardiac catheterization tests performed by cardiologist Dr. Nolewajka showed "[e]ctasia of multiple coronary arteries which would lead one to believe that the patient's current chest pain is truly myocardial in nature and it is secondary to poor blood flow." Appellant's App. Vol. II at 435. Because claimant's condition was not amenable to angioplasty, Dr. Nolewajka recommended aggressive medical therapy. Id. at 442, 445. Although he described some test results such as EKGs as "unremarkable," Dr. Carter wrote to the Oklahoma Disability Determination Unit on April 15, 1992, that

Mr. Rose obviously has evidence of small vessel disease involving the heart with a subsequent production of angina with exertion. I feel like the most important point is to be noted that the vascular ectasia is present, that the patient will have angina type symptomology [sic] whenever he exerts himself due to the small vessel disease. I feel at this time that the patient's small vessel disease is the primary source of his angina and due to the fact it is vascular ectasia, these areas are not amenable to either angioplasty or bypass procedures. Both of these particular areas will require medical management. They do place him at some risk for infarction and therefore, I recommend he not be placed in a situation where the possibility of left ventricular strain or increased myocardial oxygen consumption is required, thereby possibly producing either angina or a pre-infarction syndrome.

Id. at 478. In November 1992, Dr. Carter wrote to the Social Security

Administration, stating that

I have recently evaluated Mr. Rose this date. His current situation is that of increasing chest pain despite the use of both calcium channel blockade, H2 antagonist and nitrate therapy.

The patient at this time is being increased on his nitrate therapy. I really feel at this time the patient's condition is that of being unstable with his angina and his current microvasculopathy, and I would recommend that he not be placed back in the employment situation until we can control his chest pain and offer definitive long term control of his angina, blood pressure and reflux symptomatology.

Id. at 501.

It is well-established that "the Secretary must give substantial weight to the

testimony of a claimant's treating physician, unless good cause is shown to the

contrary." Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987). A treating

physician's opinion may be rejected if the Secretary gives specific, legitimate

reasons for doing so, such as the fact that the opinion is brief, conclusory and unsupported by medical evidence.  Id.

The ALJ rejected Dr. Carter's opinion regarding claimant's heart problems and concluded they would not affect his ability to do light work:

> [A]lthough the claimant has coronary artery disease and angina, the severity of his cardiac condition does not require bypass surgery or angioplasty at this time.  Laboratory tests, including EKGs and cardiac enzymes, have been essentially normal.  Medical reports do not demonstrate any persistent problem with uncontrollable angina.  Thus, the objective medical evidence shows that the claimant's cardiac problems would not prevent the claimant from performing light work activity.
>
> . . . .
>
> The Administrative Law Judge can find no evidence that the claimant's chest pain, blood pressure or reflux symptomatology cannot be controlled with prescribed medication.  There is no evidence of any persistent problems with shortness of breath, nausea, vomiting, and diaphoresis.  Thus, the substantial medical evidence fails to support Dr. Carter's opinion that the claimant is disabled.  Accordingly, such opinion is rejected.

Id. at 16.

We conclude that the ALJ misinterpreted the medical evidence and that his reasons for rejecting Dr. Carter's opinion are not legitimate.  Both Dr. Carter and Dr. Nolewajka stated that claimant's heart condition was not amenable to bypass surgery or angioplasty, not that it was not severe enough to warrant such treatments.  Dr. Carter stated that claimant's chest pain was increasing despite the use of calcium channel blockade, H2 antagonist and nitrate therapy.  Thus, in

contrast to the ALJ's finding, there is evidence that claimant's chest pain cannot be controlled with prescribed medication. While certain laboratory test results may have been "essentially normal" as the ALJ noted, nothing in the record indicates whether these results necessarily undermine Dr. Carter's opinion. The only other medical opinion in the record regarding claimant's heart problems (other than Dr. Nolewajka's, which was consistent with Dr. Carter's) is from a consultant for the Secretary, and that opinion is neither inconsistent with Dr. Carter's nor did it consider all of the test results and diagnoses regarding the situation. See Appellant's App. Vol. II at 468-69, 478.

We conclude that Dr. Carter's opinion is neither brief, conclusory, nor unsupported by the medical evidence, and that in rejecting it, the ALJ essentially substituted his opinion for Dr. Carter's. That is not "good cause" for rejecting a treating physician's opinion. We therefore conclude that the ALJ's determination that claimant is not disabled is not supported by substantial evidence.

Claimant filed his applications for benefits in July 1991. His disability insurance apparently expired on June 30, 1994. Because this is a step-five case, the Secretary would have the burden of proving on remand that claimant was not disabled prior to July 1994 despite the opinion of his treating physician. Considering the amount of time this case has been pending, the fact that the ALJ has already conducted two hearings and issued two incorrect decisions, the weight

-6-

accorded to treating physicians' opinions over consulting opinions, see Frey, 816 F.2d at 513, and the general difficulty in making retrospective diagnoses, see Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1348-49 (10th Cir. 1990), we do not believe that further administrative proceedings to determine disability would be appropriate.  See Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir. 1993).  We therefore REVERSE the district court's judgment and REMAND the case to the district court with instructions that the case be remanded to the Commissioner for an award of benefits.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge