**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 7 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DONALD L. MOTLEY,

       Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner, Social Security
Administration,[*]

       Defendant-Appellee.

No. 97-6040
(D.C. No. 96-CV-493)
(W.D. Okla.)

---

ORDER AND JUDGMENT[**]

---

Before BRORBY, LOGAN, and HENRY, Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P. L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), John J. Callahan, Acting Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Donald Motley appeals the Commissioner's denial of his application for social security disability benefits.  Because we find that the decision of the Administrative Law Judge (ALJ) is supported by substantial evidence, and that the law was correctly applied, we affirm.

Plaintiff filed an application for disability benefits in early April 1994, alleging that he had been unable to work since February 15, 1987, due to obesity, diabetes mellitus, high blood pressure, and pain.  Plaintiff's last insured date is December 31, 1988.  Thus, the issue is whether substantial evidence supports the ALJ's conclusion that plaintiff was not disabled between February 15, 1987, and December 31, 1988, because he retained the residual functional capacity to perform his past relevant work as a truck driver.

"This court reviews the [Commissioner's] decision to determine only whether his findings are supported by substantial evidence and whether the [Commissioner] applied correct legal standards . . . ."  Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir. 1991).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  We will not reweigh the evidence or substitute our judgment for that of the Commissioner.  See id.

"Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . ."  42 U.S.C. § 423(d)(1)(A).  The Social Security Act provides that, in considering whether a person is disabled under Title II,

> [a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability . . . ; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment . . . reasonably . . . expected to produce the pain or other symptoms alleged and which . . . would lead to a conclusion that the individual is under a disability.

42 U.S.C. § 423(d)5(A).

Plaintiff argues that the Commissioner failed to consider his medical records regarding his combined impairments when determining whether plaintiff met or equaled a listing.  He further argues that the Commissioner failed to recognize the combined impact of plaintiff's impairments as affecting his ability to do his past relevant work.

In order to meet the listing for obesity, a claimant must meet certain general weight requirements and suffer from certain specified skeletal, hypertensive, cardiovascular, or respiratory ailments.  See 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 9.09.

Our review of the record indicates that the ALJ was correct that plaintiff met the overall weight requirement prior to the expiration of his insured status. However, the medical evidence of record does not indicate that plaintiff suffered from any of the other required conditions during the same period.

In order to meet a listing, the impairment must meet all of the specified criteria. See Sullivan v. Zebley, 493 U.S. 521, 530 (1990). A finding that an impairment is medically equivalent to a listed impairment must be based solely on medical evidence. See Kemp v. Bowen, 816 F.2d 1469, 1473 (10th Cir. 1987). While there is medical evidence in the record of plaintiff's various medical conditions after December 1988 which might be sufficient for a finding of disability, plaintiff must prove that at least one of those conditions, coupled with his obesity, was disabling before his insured status expired. See Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1347 (10th Cir. 1990). The medical evidence in the record does not prove such disability. Because the ALJ, the magistrate judge, and the district court produced thorough and accurate reviews of the evidence, we need not repeat their summaries and conclusions here. We therefore affirm for substantially the reasons stated by the district court in its adoption of the report of the magistrate judge and add the following brief comments.

Plaintiff argues that a retrospective diagnosis contained in the record is substantial evidence of disability during the relevant period. This is incorrect. While a treating physical may offer a retrospective diagnosis of a claimant's condition, that, by itself, is insufficient to prove disability during a prior relevant period. See id. at 1348-49. What is needed is evidence of actual disability during the insured period. See id. Here, as in Potter, the medical reports do not indicate that plaintiff was disabled during the relevant period, 1987-88.

Plaintiff's quarrel with the manner in which the ALJ treated evidence from a nonexamining physician is also without merit. Initially, there is no evidence that the doctor was a treating physician. Further, the ALJ gave legitimate reasons for discounting the opinion, including the six-year time lag between the opinion and the expiration of plaintiff's insured status, and the speculative nature of the opinion.

Finally, plaintiff complains that the ALJ failed to ask the vocational expert about plaintiff's ability to do his past relevant work in light of his residual functional capacity. Plaintiff misapprehends the duty of the ALJ in this regard. It is the duty of the ALJ, not the vocational expert, to make the step four determination. See Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 361 (10th Cir. 1993). In fact, we have recently discouraged the "practice of delegating to a [vocational expert] many of the ALJ's fact finding

responsibilities at step four." <u>Winfrey v. Chater</u>, 92 F.3d 1017, 1025 (10th Cir. 1996). There is sufficient evidence in the record that, taking into account plaintiff's combined impairments before December 1988, plaintiff could still perform the medium work required of his past relevant work as a truck driver.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Wade Brorby
Circuit Judge