74 F.3d 1250
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Wendell W. SMITH, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-7013.
(D.C.No. CV-93-624)
 United States Court of Appeals, Tenth Circuit.
 Jan. 2, 1996.
 
 Before SEYMOUR, Chief Judge, McKAY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Wendell W. Smith appeals from an order of the district court affirming the Secretary's decision denying Social Security disability benefits. Mr. Smith filed for disability insurance benefits on March 9, 1992, alleging disability due to problems with his arms and shoulders and a hiatal hernia. His request was denied initially and on reconsideration. Following a de novo hearing on December 29, 1992, the administrative law judge (ALJ) found that Mr. Smith was not disabled within the meaning of the Social Security Act.[3] The Appeals Council denied his request for review and he filed suit in district court. The district court affirmed the ALJ's decision, and Mr. Smith appealed to this court.
 
 
 3
 We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole and whether the correct legal standards were applied. Andrade v. Secretary of Health & Human Services, 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir.1989) (quoting Richardon v. Perales, 402 U.S. 389, 401 (1971)).
 
 
 4
 The Secretary has established a five-step evaluation process pursuant to the Social Security Act for determining whether a claimant is disabled within the meaning of the Act. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988) (discussing five-step disability test in detail). In the fifth step, the Secretary bears the burden of showing that a claimant retains the capacity to perform other work and that such work exists in the national economy. Id. at 751.
 
 
 5
 Here, the ALJ found that Mr. Smith could not return to his past relevant work. Reaching step five, he found, however, that Mr. Smith retained the residual functional capacity to perform the full range of sedentary work. He then applied the Medical-Vocational Guidelines (the grids), 20 C.F.R. Pt. 404, Subpt. P, App. 2, rule 201.28, considered testimony from a vocational expert, and concluded that Mr. Smith was not disabled.
 
 
 6
 Mr. Smith claims that the ALJ failed to properly evaluate his claim of disabling pain by employing the criteria set forth in Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir.1987). We agree. The ALJ mentioned the Luna test in his decision, but he failed to "explain why the specific evidence relevant to each factor led him to conclude [Mr. Smith]'s subjective complaints were not credible." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir.1995).
 
 
 7
 There is evidence that could be viewed as supporting Mr. Smith's contentions concerning disabling pain. Prior to the expiration of his insured status, he sought treatment on several occasions for chronic shoulder and arm pain. Aplnt. App., vol. II at 139, 145, 163. He received narcotic medication for this pain, id. at 35-36, 129-30, which failed to totally alleviate it, id. at 37. His daily activities such as dressing and bathing may also have been affected. Id. at 38. We therefore order a remand of this case for the Commissioner to make express findings in accordance with Luna, with reference to relevant evidence as appropriate, concerning Mr. Smith's claim of disabling pain.
 
 
 8
 Mr. Smith raises three additional issues, which we will address briefly. He contends the ALJ failed to consider a 40% disability determination by the Veteran's Administration. Disability determinations by other agencies are not binding on the Secretary. Musgrave v. Sullivan, 966 F.2d 1371, 1375 (10th Cir.1992). The ALJ mentioned the disability determination in his decision and apparently rejected it. Sufficient reasons existed for the rejection. In particular, a determination of partial disability is undeterminative on the issue of total disability.
 
 
 9
 Mr. Smith contends the ALJ erred in disregarding the opinion of Dr. Brown, his treating physician, that he was disabled prior to December 31, 1987, due to his physical impairments. A treating physician's opinion is entitled to substantial weight, and may only be rejected for good cause shown. Reyes v. Brown, 845 F.2d 242, 244-45 (10th Cir.1988). The ALJ rejected Dr. Brown's opinion because he found that it was based primarily on examinations subsequent to December 31, 1987, after Mr. Smith's condition worsened. This reason constitutes good cause. A retrospective opinion of disability must be supported by evidence in the record. Potter v. Secretary of Health & Human Services, 905 F.2d 1346, 1349 (10th Cir.1990). The record provides substantial evidence for the ALJ's conclusion that Mr. Smith's physical impairments alone were not disabling prior to December 31, 1987.
 
 
 10
 Mr. Smith claims the ALJ mechanically applied the grids and ignored the vocational expert (VE)'s testimony. If, after further consideration in light of this order and judgment, the ALJ determines that Mr. Smith's pain constitutes a nonexertional impairment, he should obtain further testimony from a VE as appropriate and apply the grids as a framework in reaching a revised decision. See 20 C.F.R. 404.1569a(d).
 
 
 11
 We therefore REMAND this case to the district court with instructions to remand the case to the Commissioner for the purpose of making express findings in accordance with Luna concerning Mr. Smith's claim of disabling pain and for any further proceedings the ALJ finds necessary in light of those new findings.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [3]
 A claimant seeking disability benefits under Title II of the Social Security Act must establish a disability prior to the expiration of his insured status. See Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360 (10th Cir.1993). Mr. Smith's insured status expired December 31, 1987; his claim of disability is evaluated as of that date