James D. **COLEMAN**, Plaintiff–Appellant,

v.

Shirley S. **CHATER**, Commissioner of Social Security, Defendant–Appellee.

No. 94–2235.

United States Court of Appeals, Tenth Circuit.

June 23, 1995.

---

Gary J. Martone and Francesca J. MacDowell, Albuquerque, NM, for plaintiff-appellant.

John J. Kelly, U.S. Atty., Albuquerque, NM, Gayla Fuller, Chief Counsel, Region VI, Christopher Carillo, Lead Atty., Office of the Gen. Counsel, U.S. Dept. of Health & Human Services, Dallas, TX, for defendant-appellee.

Before EBEL and BARRETT, Circuit Judges, and KANE,* District Judge.

BARRETT, Senior Circuit Judge.

Plaintiff James D. Coleman appeals from an order of the district court affirming the Secretary's[1] determination that he was not disabled and, therefore, not entitled to disability benefits. We affirm.[2]

In his application for benefits, plaintiff alleged he was disabled due to emphysema. The administrative law judge (ALJ) denied benefits at step five, see *Williams v. Bowen,* 844 F.2d 748, 751–52 (10th Cir.1988), holding plaintiff retained the residual functional capacity to perform sedentary work.

On appeal, plaintiff argues the ALJ's determination is not supported by substantial evidence because the ALJ did not consider his mental and alcohol related impairments. Plaintiff does not contest the ALJ's determination that he could do sedentary work with the identified restrictions if we uphold the ALJ's determination that his mental condition and alcoholism are not of such severity as to mandate a determination of disability.

---

* Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

1. Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103–296. Pursuant to Fed.R.App.P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

2. After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

■ We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole and whether the correct legal standards were applied. *Andrade v. Secretary of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quotation omitted).

Even though plaintiff did not allege any mental or alcohol impairment, some of the medical reports[3] included references to the possibility of such problems. Therefore, the ALJ considered these as potential impairments. The ALJ concluded that while plaintiff may have had some psychological problems, no evidence showed he had a mental impairment "of a 'severe' nature as defined in the Regulations." Plaintiff's App., Vol. I at 102. Regarding the possibility of an impairment due to alcoholism, the ALJ noted that plaintiff reported the same minimal amount of alcohol consumption (three beers a weekend) to both his physician and the ALJ. "Accordingly, no evidence to the contrary, ... the claimant does not have an alcohol problem that would affect his ability to perform work activities in any way." *Id.* at 102–03.

The record contains no credible evidence that plaintiff was ever treated for a psychological or alcohol problem. Only the forensic evaluation detailing plaintiff's own description of his alcohol use and performed after the ALJ issued his opinion, revealed any heavy alcohol use. *See id.* at 61–63 (plaintiff's report that he (1) never held a job longer than five years due to alcoholism and poor writing ability; (2) was drinking heavily by age ten; (3) had used alcohol of all kinds on a daily basis for past thirty years; and (4) had been committed to a treatment center in 1980 for four days, led the interviewer to conclude plaintiff was alcohol dependent).

■ Plaintiff argues the forensic evaluation should be accepted as retrospective evidence of alcoholism. While "a treating physician may provide a retrospective diagnosis of a claimant's condition," *Potter v. Secretary of Health & Human Servs.*, 905 F.2d 1346, 1348 (10th Cir.1990), a "retrospective diagnosis without evidence of actual disability is insufficient." *Id.* at 1349. The examiner's recitation of plaintiff's own statement as to his alcohol use, made in the course of a criminal investigation, is patently self-serving and cannot be controlling absent other persuasive evidence in the record.

Plaintiff underwent a psychological evaluation in 1991, at which time he stated he drank only three cans of beer on the weekend. Plaintiff's App., Vol. II. at 329. The psychologist did caution that plaintiff's score on the MacAndrews Alcoholism Scale "would suggest that Jim may have more of a problem with alcohol than he's 'letting on.' " *Id.* at 331. Plaintiff reported minimal alcohol intake at a physical examination and the examining physician found no physical signs of alcohol abuse.

■ Even if we were to accept plaintiff's contention that he is an alcoholic, " '[t]he mere presence of alcoholism is not necessarily disabling.' " *Thompson v. Sullivan*, 957 F.2d 611, 614 (8th Cir.1992) (quoting *Cruse v. Bowen*, 867 F.2d 1183, 1186 (8th Cir.1989)); *see also* 20 C.F.R. § 404.1525(e) (diagnosis of alcoholism alone will not be basis for determining disability). Rather, alcoholism, "alone or in combination with other impairments, must render [claimant] unable to engage in any substantial gainful employment." *Thompson*, 957 F.2d at 614; *see also Shelltrack v. Sullivan*, 938 F.2d 894, 897 (8th Cir.1991) (to establish disability based on alcoholism, claimant must show loss of self-control to the extent he is unable to seek and use rehabilitation, and that disability is encompassed by Social Security Act); *Arroyo v. Secretary of Health & Human Servs.*, 932

---

**3.** As the ALJ noted, plaintiff's previous counsel obstructed these proceedings by refusing to provide requested medical evidence and other information. *See* Plaintiff's App., Vol. I at 91; Vol. II at 345. Consequently, the ALJ requested medical records directly from those treating sources he could identify. *See Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360–61 (10th Cir.1993) (ALJ has obligation to ensure adequate record is developed consistent with issues raised).

F.2d 82, 87 (1st Cir.1991) (claimant who seeks disability benefits on grounds of alcoholism must prove addiction to alcohol, loss of ability to control drinking, and that alcoholism precludes claimant from engaging in substantial gainful activity); *Wilkerson v. Sullivan (In re Sullivan)*, 904 F.2d 826, 844 (3d Cir.1990) (fact that claimant suffers from alcoholism is not end of inquiry; claimant's alcoholism must be severe enough to prevent him from engaging in substantial gainful employment); *Clem v. Sullivan*, 894 F.2d 328, 331 (9th Cir.1990) (mere evidence of alcohol abuse does not discharge claimant from initial burden of proving he is an alcoholic; "it is not the disease of alcoholism, but rather a claimant's uncontrolled drinking, that may constitute a disability.").

Similarly, no medical evidence shows that plaintiff has a disabling mental impairment. In 1991, the psychologist noted the "MMPI would suggest that Jim may have some psychological overlay to his complaints of pain and discomfort," plaintiff's app. vol. II at 332, and proffered several psychological diagnoses. The examiner for the forensic report opined that plaintiff had a personality disorder. These opinions do not show that plaintiff has a mental impairment which prevents him from working. *Cf. Andrade*, 985 F.2d at 1048 (ALJ must follow procedure for evaluating mental impairment, if record contains evidence claimant has a mental impairment which would prevent him from working).

As substantial evidence supports the ALJ's decision, the judgment of the United States District Court for the District of New Mexico is AFFIRMED.