64 F.3d 669
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Elmer BROWN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-7003.
 United States Court of Appeals, Tenth Circuit.
 Aug. 16, 1995.
 
 Before TACHA, LOGAN, and BRISCOE, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Elmer O. Brown alleges disability due to post traumatic stress disorder (PTSD), alcoholism, and shoulder pain. The administrative law judge (ALJ) found plaintiff entitled to supplemental security income (SSI) benefits as of August 10, 1990, based on affective disorder and anxiety-related disorder. However, the ALJ also held that plaintiff was not disabled before September 30, 1987, the last day of his insured status. The Appeals Council denied plaintiff's request for review. Plaintiff then sought review in district court, which upheld the judgment of the Appeals Council. Plaintiff appeals, asserting that the ALJ's decision was based on improper legal standards and was not supported by substantial evidence. We exercise jurisdiction under 42 U.S.C. 405(g) and affirm.
 
 
 3
 The ALJ determined at step five of the applicable five-step sequential analysis, see 20 C.F.R. 404.1520; see also Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir.1988), that plaintiff was not disabled before September 30, 1987, because he retained the capacity to perform a significant number of jobs in the national economy. R. 25-26. "This court reviews the Secretary's decision to determine only whether [her] findings are supported by substantial evidence and whether the Secretary applied correct legal standards when making [her] decision." Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991).
 
 
 4
 Plaintiff apparently argues that the ALJ arbitrarily selected August 10, 1990, as the onset date for SSI purposes.[3] "In disabilities of nontraumatic origin, the determination of onset involves consideration of the applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity." SSR 83-20, 1983 WL 31249, at * 2. The ALJ's choice of onset date is supported by evidence that plaintiff's last unsuccessful work attempt ended on August 10, 1990, and the absence of medical treatment specifically for PTSD before that date.
 
 
 5
 For purposes of plaintiff's application for disability insurance benefits, this choice of onset date is irrelevant. Plaintiff last enjoyed insured status on September 30, 1987. Because the ALJ's determination of no disability before August 10, 1990, is supported by substantial evidence, it follows that no disability existed on the earlier date either.
 
 
 6
 Plaintiff next argues that the ALJ failed to consider his impairments in combination. We disagree. The ALJ's decision recites that it accounted for all of plaintiff's alleged impairments. For example, the ALJ noted that plaintiff had no medical treatment for his shoulder complaint until November 1991. R. 18. Plaintiff's alleged shoulder impairment was thus appropriately disregarded as occurring after the relevant time period. The ALJ then considered plaintiff's complaints of " 'excess pain' and other symptomatology," id. at 22, and discussed the interaction of plaintiff's alleged alcoholism and PTSD, id. at 23. The ALJ's summary of findings also indicates he considered plaintiff's condition as a whole; the ALJ implicitly examined both the alleged alcoholism and the PTSD in assessing plaintiff's ability to interact with others. See id. at 25.
 
 
 7
 Plaintiff further complains that the ALJ failed to develop the record. However, plaintiff has the burden of proving his disability, and any disability must be the result of a medically determinable physical or mental impairment. Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir.1988); see also Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1349 (10th Cir.1990) (medical evidence must corroborate claimant's testimony that she was unable to work). The ALJ had no additional duty to seek out evidence to corroborate plaintiff's unsupported assertions of disability.
 
 
 8
 Plaintiff next argues that the ALJ failed to consider the medical evidence. The record contains only one contemporaneous medical record before September 1987. That record includes the notes taken on plaintiff's admission to a Veterans Administration (VA) detox unit in August 1986. Although that report notes plaintiff's assertions that he had a twenty-year drinking habit and drank a fifth of whiskey per day, there was no evidence of any objectively verifiable physical or mental disorder, and plaintiff's available lab reports were normal.[4] There are no further medical reports until 1990. A consultative physician who examined plaintiff in 1992 gave an opinion retrospectively that plaintiff was disabled as early as 1986. The ALJ was free to disregard it because it was not accompanied with objective evidence of disability. See Coleman v. Chater, No. 94-2235, --- F.3d ----, 1995 WL 372930, at * 1 (10th Cir. June 23, 1995); Flint v. Sullivan, 951 F.2d 264, 267 (10th Cir.1991).
 
 
 9
 The fact that plaintiff sought treatment at an alcohol detox unit, by itself, does not establish disability. Even if such a visit was evidence of alcoholism, "the mere presence of alcoholism is not necessarily disabling. Rather, alcoholism, alone or in combination with other impairments, must render [claimant] unable to engage in any substantial gainful employment." Coleman, 1995 WL 372930, at * 2 (internal quotations and citations omitted). Other than plaintiff's own testimony, the evidence does not establish that plaintiff's drinking prevented him from holding a job and thus posed the functional limitation required to make a finding of disability. Plaintiff has not shown that, before September 1987, he had so lost control because of alcohol use that he was unable to seek and use rehabilitation. See Shelltrack v. Sullivan, 938 F.2d 894, 897 (8th Cir.1991). The presence of a condition or ailment, without accompanying evidence that the condition results in some functional limitation on the ability to do basic work activity, is insufficient to establish a disability. Cf. Williams v. Bowen, 844 F.2d at 751 (explaining that at step two "the claimant must make a threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities").
 
 
 10
 The ALJ found not credible plaintiff's allegations of functional limitations because of his subjective complaints. R. 25. The credibility determinations of an ALJ are ordinarily given deference, see Campbell v. Bowen, 822 F.2d 1518, 1522 (10th Cir.1987), and cannot be overturned on the basis of this record.
 
 
 11
 In this vein, plaintiff asserts that the ALJ erred in discounting testimony from the vocational expert. The vocational expert ruled out the possibility of any gainful employment when he was asked a hypothetical including all of plaintiff's alleged impairments. However, the ALJ did not believe plaintiff's testimony about his functional limitations, and is not bound by a vocational expert's responses to hypothetical questions with restrictions not accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir.1990). The ALJ was therefore free to rely on the more narrowly tailored hypothetical and conclusion from the vocational expert that plaintiff could perform some jobs in the national economy.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [3]
 Plaintiff originally claimed this as the onset date. Later, however, the Social Security Administration found that plaintiff's work which ended on August 10, 1990, was in fact a failed work attempt. Plaintiff then amended his application to state an onset date of September 1, 1985
 
 
 [4]
 The liver function test was being repeated, perhaps indicating the available results were not reliable or complete