68 F.3d 483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Terry V. BLAIR, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of the Social Security
Administration,[1] Defendant-Appellee.
 No. 95-5143.
 D.C. No. 94-C-194-B.
 United States Court of Appeals, Tenth Circuit.
 Oct. 11, 1995.
 
 ORDER AND JUDGMENT[2]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[3]
 
 
 1
 Plaintiff Terry V. Blair appeals the district court's order affirming the Secretary's determination that he was not disabled, and thus ineligible for Supplemental Security Income under Title XVI of the Social Security Act. Plaintiff contends substantial evidence does not support the Secretary's determination because the administrative law judge (ALJ) failed to consider evidence of Plaintiff's chronic alcohol abuse. Our jurisdiction arises under 42 U.S.C. 405(g) and 28 U.S.C. 1291. We affirm.
 
 Law
 
 2
 In reviewing the ALJ's factual findings,[4] we consider the record as a whole and ask whether substantial evidence supports those findings. Coleman v. Chater, 58 F.3d 577, 579 (10th Cir.1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted).[5]
 
 
 3
 The ALJ is obliged to develop an adequate record in every social security case "consistent with the issues raised." Henrie v. H.H.S., 13 F.3d 359, 360-61 (10th Cir.1993). "The [ALJ's] duty is one of inquiry, ensuring that the ALJ is informed about facts relevant to his decision and learns claimant's own version of those facts." Id. at 361 (quotations and brackets omitted). The ALJ, however, is not required to be the claimant's advocate. The ultimate burden of proving disability under the applicable standards and regulations remains with the claimant. Id.
 
 Discussion
 
 4
 Although Plaintiff never argued before the ALJ that alcohol contributed to his purported disability, the record contains references to Plaintiff's alcohol abuse. Thus, the ALJ properly developed the record and addressed the matter in his decision. The ALJ noted Plaintiff's past history of severe alcohol abuse and dependency. Vol. II at 15. The ALJ further noted, however, that following Plaintiff's accident, his drinking lessened: "[B]ecause of his decreased drinking, [Plaintiff] should probably function better. The diagnosis was alcohol abuse and dependency which was currently reported to be in remission." Vol. II at 15. The ALJ concluded: "Considering the claimant's alcoholism in the context of the expert opinion [of the examining physician] ... shows that the claimant's impairment is nonsevere, the claimant is fully capable of performing work and would even be better at performing work since he is not drinking." Vol. II at 18.[6]
 
 
 5
 Accordingly, Plaintiff's assertion that the ALJ did not consider evidence of his alcohol abuse in denying him benefits is meritless. Because the Secretary's determination is supported by substantial evidence, the judgment of the district court upholding that determination is
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of the Social Security Administration. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of the Social Security Administration, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [3]
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [4]
 The parties and the court are familiar with the facts and they need not be repeated here
 
 
 [5]
 The correct legal standards for determining disability are encompassed in a five-part test set forth in 20 C.F.R. 416.920. See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (describing five-part test). Plaintiff does not challenge the ALJ's application of these standards
 
 
 [6]
 Even accepting Plaintiff's claim that he is an alcoholic, we note that alcoholism alone is not considered disabling. 20 C.F.R. 404.1525(e). Rather, alcoholism together with other impairments must render a claimant unable to undertake "substantial gainful employment." Coleman, 58 F.3d at 579