82 F.3d 426
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ralph D. JORDAN, Jr., Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-1310.
 United States Court of Appeals, Tenth Circuit.
 April 9, 1996.
 ORDER AND JUDGMENT[2]
 
 1
 Before BRORBY and SETH,[3] Circuit Judges, and BRIMMER,**** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Claimant Ralph D. Jordan, Jr. appeals the district court's affirmance of the decision by the Secretary of Health and Human Services denying his application for social security disability benefits and supplemental security income. Because the Secretary's decision is supported by substantial evidence and no legal errors were committed, we affirm.
 
 
 4
 In 1986 or 1987, claimant sustained a head injury in an automobile accident. As a result, claimant suffers from a seizure disorder for which he takes medication. Claimant applied for benefits in 1992, alleging an inability to work due to seizures and medication-induced memory loss. After a hearing at which a vocational expert testified, the administrative law judge found that claimant could not return to his former work, but that he retained the ability to perform a significant number of jobs in the economy. The Appeals Council denied review, making the administrative law judge's decision the final decision of the Secretary. The district court affirmed, and this appeal followed.
 
 
 5
 We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir.1994). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We may neither reweigh the evidence nor substitute our discretion for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 
 6
 Claimant alleges that the Secretary's decision is not supported by substantial evidence because the administrative law judge improperly evaluated evidence that claimant suffers from memory loss, post-seizure disorientation, and alcoholism. He argues that the vocational expert's testimony does not support the decision because the administrative law judge failed to include these impairments in a hypothetical question, and because the jobs identified by the vocational expert required the employer to make special accommodations for claimant's impairments.
 
 
 7
 The administrative law judge found that although claimant had a history of alcohol abuse, there was no evidence that he was currently abusing alcohol, that he had lost the ability to control his drinking, or that his drinking impacted his ability to work. The record supports these findings. At the hearing, claimant testified that he now understands the relationship between alcohol and his seizures, that he no longer drinks the way he used to, and that although he occasionally drinks a couple of beers during a football game, he does not drink to the point of inebriation. Appellant's App. at 62-64. Claimant's medical records, which reported alcohol use throughout 1990 and 1991, do not report such use after July 26, 1992. Despite a detailed psychological examination in December 1992, claimant was not diagnosed as having an alcohol problem. There is no evidence that claimant was ever hospitalized for alcohol abuse or that he suffers from any alcohol-related organ damage. See Coleman v. Chater, 58 F.3d 577, 579 (10th Cir.1995). Finally, there is no evidence that claimant's alcohol abuse affected his ability to perform work related activity except for his increased risk of a seizure after ingesting alcohol. Id. at 579-80.
 
 
 8
 The administrative law judge also fully considered claimant's allegations regarding memory loss and disorientation following seizures, but determined that these impairments were not severe and did not compromise claimant's capacity to work. Appellant's App. at 20, 21-23. The record supports these findings. Despite extensive memory testing in December 1992, the psychologist did not describe claimant's memory as deficient, and, in fact, noted that his visual memory was excellent. Claimant's work history, infrequency of grand mal seizures, and pattern of experiencing petit mal seizures in his sleep, support the administrative law judge's conclusion that claimant's post-seizure disorientation did not affect his capacity to work.
 
 
 9
 Claimant incorrectly states that the administrative law judge failed to include his driving restrictions, petit mal seizures, or memory loss in the hypothetical questions to the vocational expert. See id. at 72 (limitations on height, working around machinery, and driving a car); 73-74 (petit mal seizures); 74 (memory problems). Although the hypothetical did not contain any limitations imposed by claimant's post-seizure disorientation, alcohol abuse, or a severe memory loss, such limitations were unnecessary in light of the administrative law judge's determination that these conditions did not significantly limit claimant's ability to work. See Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir.1993)(holding that hypothetical must include only those limitations that administrative law judge finds established by the evidence).
 
 
 10
 Claimant also is incorrect in stating that the jobs identified by the vocational expert required accommodation by the employer. The vocational expert testified that the jobs he was recommending "would work [for] a person who had a seizure disorder," and that the circumstances described by claimant's attorney "would be exceptions in those types of jobs" as they are ordinarily performed. Appellant's App. at 77-78. Claimant's remaining arguments are without merit. Because the Secretary's decision is supported by substantial evidence, it must be upheld.
 
 
 11
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [3]
 Judge Seth died March 27, 1996. However, he had fully considered the matter and voted prior to his death
 
 
 ****
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation