UNITED STATES COURT OF APPEALS
**Filed 5/17/96**
FOR THE TENTH CIRCUIT

JAMIE LYNN FORD,

     Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner of
Social Security,[*]

     Defendant-Appellee.

No. 95-2188
(D.C. No. CIV 93-1525 LH/DJS)
(D. N.M.)

ORDER AND JUDGMENT[**]

Before PORFILIO, JONES,[***] and TACHA, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals from the district court's affirmance of the Secretary's determination that she is not disabled and, therefore, not entitled to disability and supplemental security income (SSI) benefits. On appeal, plaintiff argues that the administrative law judge (ALJ) erred (1) in determining she could perform light work and (2) in determining her nonexertional impairments do not affect her ability to work. Reviewing the Secretary's decision to determine whether the factual findings are supported by substantial evidence in the administrative record viewed as a whole and whether correct legal standards were applied, Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994), we affirm.

Plaintiff alleges disability beginning March 11, 1992, due to chronic cervical strain, headaches, and mental impairments. The Secretary denied benefits initially and on reconsideration. After holding an administrative hearing, the ALJ also denied benefits. The ALJ determined that plaintiff suffers from chronic neck pain syndrome secondary to a muscular strain and an adjustment disorder with depressed mood. Finding plaintiff's subjective complaints, including pain, not credible, the ALJ determined plaintiff has the

2

residual functional capacity to do light, unskilled work available in the national economy. The ALJ concluded plaintiff is not disabled and denied benefits at step five of the controlling sequential analysis. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(detailing five-step analysis set out in 20 C.F.R. §§ 404.1520, 416.920). After the Appeals Council denied review,[1] making the ALJ's decision the final decision of the Secretary, plaintiff sought judicial review in the district court. The district court affirmed.

On appeal, plaintiff argues that the Secretary erred in finding that she has the residual functional capacity (RFC) to perform light work. Plaintiff contends the ALJ lacked positive evidence to support such a finding and improperly relied on negative neurological examinations and normal x-ray findings to support his conclusion that she can do light work. Plaintiff believes that positive evidence, primarily her subjective complaints, showed that her limited range of motion in her neck and shoulder and her problems lifting and carrying prove she cannot perform light work as it is defined in 20 C.F.R. §§ 404.1567(b), 416.967(b). Plaintiff also points to the opinion of Dr. Altman, that she can do no work due to her cervical problems, as further positive evidence of her inability to perform light work.

There was not, as plaintiff argues, a lack of positive evidence regarding her RFC. The negative and normal findings on medical testing are positive evidence of her ability to perform work. Dr. Altman, who plaintiff saw only once, was the only doctor suggesting

_____

[1] Also, after the Appeals Council denied review, plaintiff filed new applications for disability and SSI benefits, alleging an onset date of September 3, 1993. Those applications are now pending at the hearing stage.

plaintiff could not work. Because his conclusion was not supported by his own medical findings, the ALJ properly gave little weight to his opinion that he doubted plaintiff could be gainfully employed. See Castellano, 26 F.3d at 1029 (Secretary has final responsibility to determine disability). Accordingly, we conclude the ALJ did not err in relying on negative and normal findings to support a conclusion that plaintiff can work, as the ALJ's findings have sufficient support in the record, see Gay v. Sullivan, 986 F.2d 1336, 1339 (10th Cir. 1993). Also, the ALJ did not err in failing to order a consulting examination to evaluate her RFC. Cf. Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir. 1993)(when there is no evidence upon which ALJ could make RFC assessment, ALJ should exercise discretionary power to order consultative examination).

Plaintiff also argues the ALJ erred in finding that her nonexertional impairments, headaches and a mental impairment, do not affect her ability to work. Plaintiff maintains these impairments do affect her ability to work and, therefore, the ALJ should not have applied the Medical-Vocational Guidelines (grids), 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(e), to find her not disabled.

According to plaintiff, the ALJ apparently found under step two of the sequential evaluation process that her headaches are not a severe impairment, but failed to make an express credibility determination regarding the pain she suffers from the headaches. Plaintiff therefore maintains a remand is necessary to require the ALJ to discuss his findings regarding her headaches.

The ALJ determined that there was little medical evidence to support plaintiff's complaints of headaches and did not mention headaches when listing plaintiff's impairments. Because there was no diagnostic testing to establish an underlying impairment, her headaches may be triggered by musculoligamentous problems, nothing suggests medications failed to provide relief, and plaintiff's statement of symptoms was insufficient to demonstrate an impairment, the ALJ concluded that the headaches do not limit her ability to work or decrease her RFC to a significant degree. App. at 70. We agree with the ALJ's findings and conclude they are linked to substantial evidence and are not merely conclusory. See Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988). Thus, we defer to the ALJ's credibility determination since it is supported by substantial evidence. See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).

Plaintiff maintains the ALJ's determination that her mental problems, including her ability to deal with stress, do not affect her ability to work is based on faulty analysis of the evidence. Plaintiff submits that an ALJ does not have the expertise to conclude whether stress is an inherent part of employment. Further, plaintiff contends the ALJ improperly failed to evaluate how an adjustment disorder with depressed mood would affect her ability to work. Although plaintiff suffers from a mental impairment, including a diminished ability to deal with stress, the evidence does not indicate that plaintiff has a mental impairment preventing her from working. See Coleman v. Chater, 58 F.3d 577, 580 (10th Cir. 1995).

5

We conclude the ALJ correctly found that plaintiff's nonexertional impairments do not have an impact on her ability to do light, unskilled work. Because plaintiff can perform a substantial majority of the work in the light RFC category, the ALJ appropriately relied on the grids without calling a vocational expert to testify. See Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995).

Accordingly, the judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge