UNITED STATES COURT OF APPEALS
**Filed 8/22/96**
FOR THE TENTH CIRCUIT

PEGGY DAVIS,

Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Health and Human Services,[*]

Defendant-Appellee.

No. 95-7173
(D.C. No. CV-94-669-B)
(E.D. Okla.)

ORDER AND JUDGMENT[**]

Before PORFILIO, BRIGHT,[***] and KELLY, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security.  P.L. No. 103-296. Although Shirley S. Chater, Commissioner of Social Security, has been substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action, we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Peggy Davis appeals from an order of the district court affirming the Secretary's denial of Title II Social Security benefits. We affirm.

Ms. Davis applied for benefits claiming she was unable to work due to chronic pain in her right hip and leg, pain from recurrent neuromas in her feet, poor memory, nerve disease, and numbness in her hands and arms. The administrative law judge (ALJ) denied benefits at step five of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), holding that Ms. Davis possessed the residual functional capacity to perform the full range of sedentary work.

On appeal, Ms. Davis argues that she meets or equals listing 1.11 due to a nonhealing fracture in her leg. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.11. She also argues the ALJ erroneously determined her residual functional capacity and erred in concluding that she does not have a severe mental impairment.

"We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole

-2-

and whether she applied the correct legal standards. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994)(citation and quotation omitted).

Ms. Davis asserts she meets listing 1.11 because her fractured leg has not healed and, consequently, she cannot bear full weight on that leg. The record does not support Ms. Davis's claim. Ms. Davis broke her leg in July 1989. Her medical records show that as of October 1989, the fracture was not healing properly. However, no further medical records exist until April 1994, when Dr. Troop stated that the distal interlocking bolt of the IM rod placed in her leg had broken. Surgery was performed at that time. In August 1994, Dr. Troop opined that she appeared to have a sclerotic nonunion of the fracture.

Contrary to Ms. Davis's assertion, the Secretary is not required to show Ms. Davis could bear full weight on her leg. At step three, Ms. Davis bears the burden of showing she is disabled. See Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). Ms. Davis did not prove that the state of her fracture resulted in her inability to bear weight as required by listing 1.11 at any time after October 1989 and prior to the expiration of her insured status.[1]

---

[1] Ms. Davis's insured status expired March 31, 1992. Therefore, she must show she had a disability that had lasted or was expected to last at least twelve

(continued...)

Ms. Davis argues the ALJ erroneously determined her residual functional capacity because he improperly assessed her credibility, failed to accord substantial weight to the treating physician's opinion, and mischaracterized the nature of her foot impairment.  No treating physician has opined that Ms. Davis is disabled due to the neuromas in her feet.  Ms. Davis's statement that a doctor told her to stay off her feet, R. Vol. II at 41, does not constitute substantial evidence of disability.

The ALJ's misstatement of the diagnosis of Ms. Davis's foot impairment did not affect his proper assessment of that impairment.  Ms. Davis has had recurring neuromas in her feet since she was twenty-two.  The records show she had not sought treatment for the neuromas for almost ten years prior to 1993.  Id. at 191.

We discern no error in the ALJ's assessment of Ms. Davis's credibility. We defer to the ALJ's assessment of a claimant's credibility.  See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995)(we will not disturb credibility determinations which are supported by substantial evidence).  The ALJ noted that Ms. Davis had not sought treatment for her neuromas prior to the expiration of

[1](...continued)
months as of that date.  See 20 C.F.R. §§ 404.320(b)(2); 404.1505(a).

-4-

her insured status. The evidence shows that Ms. Davis currently takes care of her family, although she sits to perform most jobs. In fact, Ms. Davis testified that she would have continued working in a plant nursery had it not closed in June of 1989. R. Vol. II at 37.

Finally, Ms. Davis argues she has a severe mental impairment. Ms. Davis's attempts to rely on physicians' reports of her mental instability are unavailing. She cites to one report by Dr. Wade which was prepared in 1979 in which he opines that Ms. Davis was "unable to hold down a job with her foot problems and emotional problems." Id. at 242. However, Ms. Davis worked for another ten years after this report was prepared before she claimed disability. Ms. Davis also relies on a report by Dr. Hogan in which he noted some disability. This report was prepared almost two years after Ms. Davis claimed disability. Records describing a claimant's current condition cannot be used to support a retrospective diagnosis of disability absent evidence of an actual disability during

the time of insured status. Cf. Coleman v. Chater, 58 F.3d 577, 579 (10th Cir. 1995).

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge