UNITED STATES COURT OF APPEALS
**Filed 1/3/97**
FOR THE TENTH CIRCUIT

HAROLD BELL,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security Administration,[*]

      Defendant-Appellee.

No. 95-7107
(D.C. No. CV-94-437)
(E.D. Okla.)

ORDER AND JUDGMENT[**]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. Proc. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

———————————

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Harold Bell appeals from an order of the district court affirming the final decision of the Secretary of Health and Human Services denying his applications for social security disability and supplemental security income (SSI) benefits. Claimant contends he has been disabled since 1979 due to multiple impairments including alcoholism, mental problems, tuberculosis and right heel fracture. The administrative law judge (ALJ) denied benefits at step five of the five-part sequential process for determining disability. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(discussing five-step process). The ALJ determined that, while claimant could not return to his past medium work, he retained the residual functional capacity to perform light work and could perform a significant number of jobs in the national economy. The ALJ therefore concluded that claimant was not disabled. The Appeals Council affirmed, making the ALJ's determination the final decision of the Secretary.

We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We review the Secretary's decision to determine whether it is supported by substantial

evidence and whether the correct legal standards were applied.  Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).  Substantial evidence is adequate relevant evidence that a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Claimant's insured status expired on December 31, 1985.  Thus, to be entitled to disability benefits, he must prove he was  totally disabled by this date. See Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360 (10th Cir. 1993).  To be entitled to SSI benefits, claimant must show that he is totally disabled, but he cannot receive benefits for any period prior to the filing of his application in September 1992.  See 20 C.F.R. § 416.335.  Although it is not clear from his briefs whether he has dropped his claim for disability benefits, claimant's arguments on appeal address his claimed impairments in the 1990s.  In any event, there is virtually no evidence to support a claim of disability prior to December 31, 1985, and we affirm the denial of disability benefits.  We next address claimant's claim for SSI benefits.

Claimant's first group of arguments challenges the ALJ's assessment of his mental residual functional capacity.  He claims that assessment is not supported by substantial evidence because (1) the ALJ did not properly relate the evidence to his conclusions recorded on the Psychiatric Review Technique form; (2) the ALJ failed to properly develop the record by failing to obtain psychiatric evidence

for the twelve-month period prior to his denial decision; and (3) the ALJ failed to properly address the side effects of appellant's mitigating medication. Claimant did not raise the first two arguments in the district court. We therefore will not consider them. Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994).

Claimant had a history of alcohol abuse. However, he stopped drinking in August 1992. He thus did not exhibit the loss of self-control necessary to establish disability based on alcoholism. See Coleman v. Chater, 58 F.3d 577, 579-80 (10th Cir. 1995). Claimant was diagnosed as having other mental health problems, though there was some question whether they were independent of his alcoholism, see Appellant's App., Vol. II at 242. None of claimant's treating physicians indicated that these problems were disabling, and the ALJ found them to be adequately controlled through medication. Claimant contends that the ALJ failed to adequately consider claimant's testimony regarding the side effects of his medication (it made him drowsy), but there was conflicting evidence on the seriousness of these side effects. Credibility determinations are the province of the ALJ. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1499 (10th Cir. 1992). We conclude that substantial evidence supports the ALJ's determination that claimant's mental impairments did not significantly compromise his ability to perform light work.

Claimant also contends that the Secretary failed to meet her step-five burden because she improperly relied on the Medical-Vocational Guidelines (Grids), improperly equated unskilled work with nonstressful work, and failed to elicit vocational testimony based on questions reflecting his limitations. Because substantial evidence supports the ALJ's conclusion that claimant's mental health impairments did not significantly compromise his ability to perform light work, the ALJ's reliance on the grids was permissible. See Gossett v. Bowen, 862 F.2d 802, 807-08 (10th Cir. 1988).

We AFFIRM the judgment of the district court.


Entered for the Court


Mary Beck Briscoe
Circuit Judge