**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 24 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

BILLY W. CASEY,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,*

      Defendant-Appellee.

No. 95-5224
(D.C. No. 94-C-658-J)
(N.D. Okla.)

---

ORDER AND JUDGMENT**

---

Before EBEL, HENRY, and MURPHY, Circuit Judges.

---

\*     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

\*\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Billy W. Casey appeals the district court's decision affirming the Secretary's determination that claimant was not disabled on or before December 31, 1987, the last date on which he enjoyed insured status under the Social Security Act. See Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1347 (10th Cir. 1990). We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence and whether correct legal standards were applied. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotation omitted). We may "neither reweigh the evidence nor substitute our judgment" for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). We affirm.

Background

Claimant worked until May 17, 1984, and applied for disability and supplemental security income benefits in 1985, claiming disability due to high blood pressure, a back injury, a bowel problem, and a mental impairment. After

an administrative hearing in 1986, the Secretary denied benefits. The district court twice reversed and remanded this case for supplemental administrative hearings.

After the last administrative hearing, held on October 5, 1992, the Administrative Law Judge (ALJ) determined at step five, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (explaining the five-step sequential process), that claimant had the residual functional capacity (RFC) to engage in the full range of light work and that claimant's RFC was not significantly affected by his mental impairment. See R. Vol II-B, at 567-68.

The ALJ reviewed and thoroughly discussed claimant's voluminous physical and mental history. The ALJ evaluated claimant's mental impairment and determined that claimant had psychogenic, or somatoform, pain disorder.[1] The ALJ concluded, however, that claimant's mental impairment was not so severe as to preclude the performance of all substantial gainful activity at the light work level. See id. at 567-68. The ALJ completed a Psychiatric Review Technique (PRT) form as part of his decision, finding that claimant did have

[1] A somatoform disorder exists when there are "[p]hysical symptoms for which there are no demonstrable organic findings or known physiological mechanisms." 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.07. The disorder causes a claimant to exaggerate his physical problems in his mind beyond what the medical data indicate. See Easter v. Bowen, 867 F.2d 1128, 1129 (8th Cir. 1989). Such a disorder may itself be disabling. Id. at 1130.

somatoform disorder.  On the PRT, the ALJ evaluated the effect of claimant's

mental impairment on his RFC.  The ALJ determined that claimant's mental

impairment had only "slight" effect on his activities of daily living; "moderate"

effect on his ability to maintain social functioning; "never" resulted in

deficiencies of concentration, persistence or pace resulting in failure to complete

tasks in a timely manner; and "once or twice" resulted in an episode of

deterioration or decompensation in a work or work-like setting.  See id. at 571.

Because the ALJ determined that claimant's mental impairment did not

affect his ability to perform light work, the ALJ applied the Medical-Vocational

Guidelines (grids), 20 C.F.R. pt. 404, subpt. P, app. 2, in determining claimant's

disability status.  Applying the grids, the ALJ determined that claimant was not

disabled until April 26, 1992, when he became fifty-five years old.  The Appeals

Council affirmed the ALJ's determination.  Claimant appealed to the district

court, and the case was referred to a magistrate judge, who affirmed the

Secretary's determination.

## Discussion

"When there is evidence of a mental impairment that allegedly prevents a

claimant from working, the Secretary must follow the procedure for evaluating

mental impairments set forth in 20 C.F.R. § 404.1520a and the Listing of

Impairments and document the procedure accordingly."  Cruse v. United States

Dep't of Health & Human Servs., 49 F.3d 614, 617 (10th Cir. 1995). Documentation is made by completing a PRT form, which the ALJ must attach to his written decision. "[T]he record must contain substantial competent evidence to support the conclusions recorded on the PRT form[, and] if the ALJ prepares the form himself, he must 'discuss in his opinion the evidence he considered in reaching the conclusions expressed on the form.'" Id. at 617-18 (quoting Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994)).

Claimant contends that the ALJ's finding that his mental impairment does not affect his ability to work is not supported by substantial evidence. He also argues that because the ALJ erred in finding that claimant's mental impairment does not affect his ability to work, the ALJ should not have applied the grids to find him not disabled before April 26, 1992. Claimant does not challenge the ALJ's determination that he retained the RFC to perform light work.

Specifically, claimant contends the ALJ erred by basing his conclusion that claimant's mental impairment did not significantly impair his ability to work on the ALJ's conclusion that claimant's mental impairment did not meet or equal a Listing of Impairments for mental impairments. We are not persuaded the ALJ failed in this respect. The ALJ did find that claimant did not have a mental impairment or combination of impairments listed in, or medically equivalent to one listed in the Listing of Impairments, see R. Vol. II-B, at 556-57, 568, but

there is nothing in the ALJ's decision to suggest that finding was the basis of the ALJ's determination that claimant's mental impairment did not effect his ability to perform light work. The ALJ thoroughly discussed claimant's mental impairment, and all of the medical testimony and numerous mental evaluations of claimant. Given the ALJ's discussion of claimant's mental impairment, the ALJ's written decision clearly indicates he considered all of the evidence concerning claimant's impairment when he assessed the severity of claimant's functional limitations.

Claimant also contends that the ALJ misinterpreted a "Medical Assessment of Ability to do Work-Related Activities (Mental)" form, completed by Dr. Passmore, a psychiatrist who examined claimant in 1985 and 1988, in violation of Cruse, 49 F.3d at 618. Claimant contends the ALJ's misinterpretation of this form led him to improperly support his finding as to the severity of claimant's mental impairment on Dr. Passmore's evaluation. We disagree. In Cruse, we held that use of the term "fair" (or "poor") on the type of mental assessment form used by Dr. Passmore is evidence of disability. See id. The ALJ did note Dr. Passmore's "fair" rating as part of his overall discussion of the medical record, but it is clear that the ALJ did not misinterpret or misapply Dr. Passmore's evaluation, and that the ALJ's determination was based on a consideration of the record as a whole.

We further conclude that substantial evidence supports the ALJ's determination that claimant's mental impairment did not significantly compromise his ability to perform light work. Although claimant suffers from a mental impairment, the evidence does not indicate that claimant's impairment prevents him from working. See Coleman v. Chater, 58 F.3d 577, 580 (10th Cir. 1995).

Because claimant's ability to perform light work is not significantly compromised by his mental impairment, the ALJ appropriately relied on the grids. See Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995) (the ALJ may use the grids if, despite a nonexertional impairment, the claimant can perform a substantial majority of the work in the designated RFC category).

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge