**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JUSTA GARZA,

        Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,    *

        Defendant-Appellee.

No. 98-5016
(D.C. No. 96-CV-980-W)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** **

---

Before **BALDOCK, EBEL,** and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*      Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of Social Security, as the
defendant in this action.

\*\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.   See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff Justa Garza filed a claim for disability insurance benefits and supplemental security income in October 1992, alleging disability since September 15, 1991, due to right shoulder and wrist problems.  After a hearing, at which a vocational expert (VE) testified, an administrative law judge (ALJ) ruled against plaintiff on November 23, 1993.  On review, the Appeals Council remanded plaintiff's case for further consideration on August 17, 1994.  The Appeals Council noted that the record included a diagnoses that plaintiff suffered from depression and concluded that the record needed further development.  The Appeals Council ordered the ALJ to obtain additional evidence to clarify the nature and severity of plaintiff's mental condition, including obtaining a consultative examination with psychological testing     and medical source statements as to the work plaintiff could do despite her mental impairment, and to obtain testimony from a VE about the effect of plaintiff's assessed limitations on her ability to work.

On remand, the ALJ obtained additional medical evidence from Dr. Gordon, a psychologist, and Dr. Goodman, a psychiatrist, regarding plaintiff's mental status.  Dr. Gordon described plaintiff as attentive and alert, but having a depressed mood.  His report stated plaintiff had low to average intelligence, and

good short and long term memory, but he could not rule out a learning disability. Dr. Gordon concluded that plaintiff was capable of performing some type of routine repetitive tasks on a regular basis. With regard to making occupational, performance, personal and social adjustments, Dr. Gordon indicated that plaintiff had a "good" ability to follow work rules, deal with stresses, maintain attention and concentration, follow detailed instructions, maintain personal appearance, behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability. See Appellant's App. at 291-92. However, Dr. Gordon rated plaintiff as having only a "fair" ability to relate to coworkers, deal with the public, use judgment, interact with supervisors, function independently, and follow complex instructions. See id.

Dr. Goodman's report stated that he found no past history suggestive of any significant depressive disorder, though perhaps some emotional instability. He stated that plaintiff's mood, affect and speech were normal, though her mood fluctuated at times and she seemed to embellish her symptoms. He concluded that there was no clinical evidence of a significant mood disturbance or other psychiatric disorder and found no psychological reason why plaintiff was not capable of returning to her past work. With regard to making occupational, performance, personal and social adjustments, Dr. Goodman indicated that plaintiff had an "unlimited or very good" ability to follow work rules and a

"good" ability to relate to coworkers, deal with the public, use judgment, interact with supervisors, deal with work stresses, function independently, maintain concentration and attention, follow detailed or simple instructions, maintain personal appearance, behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability. See id. at 298-99.

The ALJ held a second hearing at which another VE testified. The ALJ asked the VE two hypothetical questions: the first assumed the mental limitations described in Dr. Gordon's evaluation and report, the second fully credited all of plaintiff's complaints. The VE testified there were no jobs available in the national economy for a person with the physical and mental limitations described in either hypothetical.

The ALJ denied plaintiff's claim at step five of the evaluation sequence on November 13, 1995. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). He determined that plaintiff could not return to any of her past work, but nevertheless retained the residual functional capacity (RFC) to perform light work, limited by a significant limitation of motion of her right shoulder. In reaching this decision, the ALJ determined that plaintiff's mental impairment was not severe. As required, the ALJ completed a Psychiatric Review Technique (PRT) form, on which he concluded that plaintiff had depression, but that her mental condition caused only slight restrictions in her daily living and difficulty

in maintaining social functioning; seldom resulted in deficiencies in concentration, persistence or pace resulting in failure to complete tasks in a timely manner; and never caused episodes of deterioration or decompensation in work or work-like settings. See Appellant's App. at 21-22. The ALJ determined that plaintiff's RFC had not changed since the first hearing and incorporated the testimony of the VE from that hearing into the record. Taking into account plaintiff's impairment, RFC, age, education, work experience and the testimony of the VE from the first hearing, the ALJ concluded that there were jobs available in the national economy that plaintiff could do, and thus, she was not disabled. The Appeals Council denied review on August 27, 1996, making the ALJ's decision the final agency decision.

On appeal from the magistrate judge's order affirming the agency decision, plaintiff asserts that the ALJ took action inconsistent with the Appeal Council's order on remand when he ignored the VE's testimony at the second hearing. She further argues the ALJ erred in relying upon the VE's testimony from the first hearing because that testimony was two years old and did not include the mental limitations set forth in Dr. Gordon's evaluation. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

The regulations provide that "[t]he administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action

that is not inconsistent with the Appeals Council's remand order."  20 C.F.R. §§ 404.977(b); 416.1477(b).  The Appeals Council directed the ALJ to obtain additional medical testimony to clarify the nature and severity of plaintiff's mental condition and to obtain testimony from a VE as to the effect of her limitations on her occupational base.  The ALJ followed this mandate by obtaining additional medical testimony and VE testimony.  The fact that the ALJ did not adopt the VE's testimony from the second hearing is not inconsistent with the remand order.   Cf. Campbell v. Bowen , 822 F.2d 1518, 1522 (10th Cir. 1987) (declining to constrain the ALJ on remand in a manner not mandated by the regulations).  The VE testimony from the second hearing was not binding on the ALJ because the hypotheticals posed to the second VE did not set forth only impairments which had been accepted as true by the ALJ.     See Talley v. Sullivan , 908 F.2d 585, 588 (10th Cir. 1990) (the ALJ is not bound by the VE's opinion in response to a hypothetical question which includes impairments that are not accepted as true by the ALJ).

So long as the ALJ's findings about plaintiff's physical and mental limitations were reflected in the hypothetical question propounded to the VE at the first hearing, the ALJ could rely upon the first VE's testimony in determining at step five of the sequential analysis that plaintiff was not disabled.     See Decker v. Chater , 86 F.3d 953, 955 (10th Cir. 1996) (hypothetical questions to the VE

need only reflect impairments and limitations that are borne out by the evidentiary record).  The ALJ determined from the additional medical evidence that plaintiff's mental impairments did not alter the original RFC determination, and thus, determined that the original VE testimony included all of plaintiff's physical and mental limitations.

We are satisfied from our review of the record that the hypothetical question the ALJ propounded to the VE at the first hearing contained all the limitations found by the ALJ following the remand.  We are also satisfied that the ALJ's findings as to plaintiff's physical and mental impairments are supported by the evidence; indeed, plaintiff does not dispute the ALJ's determination that the additional medical evidence concerning plaintiff's mental impairment did not alter the original RFC determination.

Plaintiff mistakenly assumes that the ALJ fully credited the occupational limitations described by Dr. Gordon in his report because one of the hypothetical questions to the VE at the second hearing included those limitations.  However, the ALJ thoroughly discussed plaintiff's mental impairment and all of the mental evaluations of plaintiff, and it is clear from his decision that the ALJ considered all of the medical evidence concerning plaintiff's mental impairments, but did not fully credit Dr. Gordon's assessment of plaintiff's occupational limitations.  The ALJ's determination that plaintiff's mental impairment was not severe is

consistent with the psychiatric evidence from Dr. Goodman, who found no clinical evidence of a significant mood disturbance or other psychiatric disorder and found no psychological reason why plaintiff was not capable of returning to her past work. Although plaintiff suffers from some mental impairment, substantial evidence supports the ALJ's determination that the impairment is not of such severity that it prevents her from working. See Coleman v. Chater, 58 F.3d 577, 580 (10th Cir. 1995).

The ALJ did not take any action that was inconsistent with the Appeals Council remand order, and he properly considered all of the medical evidence in the record. The ALJ's finding that plaintiff retains the RFC to perform light work limited only by her limitations of motion in her right shoulder is supported by substantial evidence. Therefore, the Commissioner's decision must stand. See 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 390 (1971).

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge