Filed 10/17/96

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JERALD SAMPSON,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,[*]

      Defendant-Appellee.

No. 96-7005
(D.C. No. CV-95-54-S)
(E.D. Okla.)

ORDER AND JUDGMENT[**]

Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,[***] District Judge.

---

[*] Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***] Honorable G. Thomas Van Bebber, Chief Judge, United States District Court for the District of Kansas, sitting by designation.

_____

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Jerald Sampson appeals the district court's affirmance of the decision by the Secretary of Health and Human Services denying his application for supplemental security income. Because the Secretary's decision that claimant can perform his previous work is supported by substantial evidence and no legal errors occurred, we affirm.

On February 26, 1993, claimant filed his current application for supplemental security income, alleging an inability to work due to high blood pressure and back problems. In addition to these conditions, claimant's medical records reveal that he suffers from alcoholism, with related organ damage, and low cognitive functioning. After a hearing, the administrative law judge (ALJ) found that claimant could perform his former work as a stocker despite his impairments. The Appeals Council denied review, making the ALJ's decision the final decision of the Secretary. The district court affirmed, and this appeal followed.

We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence and whether correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We may "neither reweigh the evidence nor substitute our judgment" for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Claimant argues that the Secretary's findings at steps three and four are not supported by substantial evidence and that the ALJ failed to develop the record as to the vocational impact of claimant's alcoholism. He argues also that his impairments meet the listing for organic mental disorders, 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.02, and that the ALJ did not adequately discuss the evidence he considered in making his conclusions on the Psychiatric Review Technique form (PRT).

The ALJ concluded that claimant did not meet the listed criteria for either mental retardation and autism, id., § 12.05, or substance addiction disorders, id., § 12.09 (as codified in 1994). Both of these conclusions are supported by substantial evidence. Claimant's verbal, performance, and full scale I.Q. scores

were 72, 75, and 73 respectively. As these scores are above those specified in § 12.05 of the listings, claimant did not meet the criteria for mental retardation. Claimant also did not meet the criteria for substance addiction, as his medical records did not contain evidence to satisfy § 12.09(F), which incorporates the liver damage criteria from § 5.05.

Claimant argues that the ALJ erred in evaluating his cognitive deficiencies under the mental retardation listing, instead of the listing for organic mental disorders, § 12.02. On the record before us, it does not appear that claimant raised this issue to the Appeals Council or the district court. "Absent compelling reasons, we do not consider arguments that were not presented to the district court." Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994). Even if we were to consider this argument, however, we would not find it persuasive because, based on the ALJ's findings regarding claimant's functional limitations, R. II at 32-33, claimant's condition does not meet the criteria of § 12.02(B).

We also conclude that the ALJ adequately developed the record regarding the vocational impact of claimant's alcoholism and that his findings on claimant's functional limitations are supported by substantial evidence. The ALJ has a duty to inform himself about the facts relevant to his decision and the claimant's version of those facts. Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 361 (10th Cir. 1993). He is not required, however, to be the

claimant's advocate, and the burden of proving disability remains with the claimant. Id. Here, the ALJ fulfilled his duty by informing himself about the nature of claimant's alcoholism, his treatment and medications, and the impact of his impairment on his daily activities. See Musgrave v. Sullivan, 966 F.2d 1371, 1375 (10th Cir. 1992). The ALJ also held the record open for claimant to undergo cognitive testing after the hearing, and considered the results of this examination in his decision.

Moreover, the ALJ's assessment of the functional limitations caused by claimant's alcoholism is supported by both the medical record and claimant's testimony. The ALJ found that claimant was only slightly restricted in his daily living activities, had moderate difficulty in maintaining social functioning, seldom had deficiencies of concentration, persistence, or pace, and never had an episode of deterioration or decompensation at work. R. II at 32-33. The record shows that claimant has performed odd jobs over the last ten years, id. at 78, 81, 85, 95; including ranch and janitorial jobs over a five-year period for the same employer, id. at 120; that he lives alone and does all his own household maintenance, id. at 91, 99; that he frequently plays billiards, id. at 91, 99; that several times per week he plays dominoes for two to three hours at a time, id. at 178; that he likes to go fishing and squirrel hunting in the summers, id. at 51; that he gets along with others but does not have much social contact outside his

family, id.; that the only reason he identifies for not returning to work is his occasional dizziness from high blood pressure, id. at 177; and that his last full time employment ended because of the employer's financial difficulty, as opposed to an alcohol-related reason, id. at 176.

A claimant does not demonstrate disability simply by showing he is an alcoholic. See Soc. Sec. Rul. 82-60, 1982 WL 31383, at *2 ("[A]lcoholics cannot be considered 'disabled' on the basis of that diagnosis alone"). Rather, the claimant must show that the alcoholism precludes him from engaging in substantial gainful employment. See Coleman v. Chater, 58 F.3d 577, 579-80 (10th Cir. 1995). Although the record supports the conclusion that claimant is an alcoholic, there is no evidence that he cannot control this conduct if he chooses to, or that his drinking has ever interfered with his work. See, e.g., Russell v. Chater, 91 F.3d 63, 64 (8th Cir. 1996)(holding that claimant must show inability, and not mere unwillingness, to seek and use means of rehabilitation). Absent such evidence, the ALJ was correct in concluding that claimant is not disabled by his alcoholism.[1]

_____

[1] We note that the Social Security Act was amended recently to eliminate alcoholism and drug addiction as bases for obtaining disability insurance and supplemental security income benefits. See Contract with America Advancement Act of 1996, Pub. L. 104-121, 110 Stat. 847, 852-53. Because claimant's case was decided before March 29, 1996, the Act does not preclude his application for benefits. See id. Had he been found eligible for benefits, however, his

(continued...)

-6-

The evidence also supports the conclusion that claimant's blood pressure is controlled by medication when he complies with his doctor's instructions, and that the pain claimant experienced in his back on one occasion three years earlier did not restrict his ability to perform medium work. We do not address claimant's argument regarding the ALJ's failure to specify the evidence he relied on in filling out the PRT, as it was not raised in the district court. See Crow, 40 F.3d at 324.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

[1](...continued)
entitlement to these benefits would have ceased on January 1, 1997. See id.